CASE 23—PETITION ORDINARY—JANUARY 29.

8bu557
119 874

# McNamara v. Shannon.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

1. THE CHARGE THAT A PERSON IS A THIEF IS SLANDEROUS AND ACTIONABLE.—The accusation that a person is a thief is equivalent in its legal effect to a specific charge that he is guilty of larceny.

2. At common law an action for slander will lie for the willful publication of any false accusation, though made in general words only, if the charge clearly and unequivocally imports that the person accused is guilty of some felony or other crime of such turpitude as to render him liable upon indictment to some infamous punishment. (Starkie on Slander, page 49; 1 Hilliard on Torts, page 277; 5 Monroe, 396.)

THOMAS KENNEDY, . . . . . . . . . For Appellant,

CITED

3 Blackstone (Wendell's edition), 123, 124.
2 Bouvier's Institutes, 510.
5 Monroe, 396, Wiley v. Campbell
7 J. J. Marshall, 424, Welsh v. Eakle.
4 Bush, 78, Redway v. Powell.
Chitty's Pleading (7th Am. ed.), s. p. 253.
Starkie on Slander, 44.

THOMAS F. HARGIS, . . . . . . . . For Appellee,

CITED

| 6 Bush, 518. | 4 B. Monroe, 386. |
| 4 Metcalfe, 127. | 8 B. Monroe, 486. |
| 2 Bibb, 319. | 4 Bibb, 99. |
| 2 Marshall, 220. | Hardin's Rep. 529. |
| Starkie on Slander, 50. | |

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

This was an action for slander, the petition alleging in substance and effect that the defendant, contriving and maliciously intending to injure the plaintiff in his good name and

credit and disgrace him, did, in the presence of divers persons, falsely speak and publish of and concerning the plaintiff the following slanderous words: "You," meaning the plaintiff, "are a God-damned thief;" thereby meaning and intending that the plaintiff was a common thief.

On the alleged ground that the facts stated did not constitute a cause of action, the court sustained a demurrer to the petition, which, on the failure of the plaintiff to plead further, was dismissed, and he has appealed to this court for a reversal of the judgment.

The words alleged to have been spoken do not appear to have been uttered with reference to any office, business, or trade of the plaintiff; nor is any special damage alleged as having been sustained by the plaintiff in consequence thereof. Whether therefore an action can be maintained for falsely charging a person with being a thief, without reference to any particular unlawful act meant to be imputed, is the principal question to be determined in this case.

At the common law, and independent of a class of cases in which the use of defamatory words is made actionable by statute, the general rule seems to be that an action for slander will lie for the willful publication of any false accusation, though made in general words only, if the charge clearly and unequivocally imports that the person accused is guilty of some felony or other crime of such turpitude as to render him liable, upon indictment, to some infamous punishment. (Starkie on Slander, p. 49; 1 Hilliard on Torts, 277; Wiley v. Campbell, 5 Monroe, 396.)

We are aware that in Caldwell v. Abbey, Hardin, 529, and several other cases, it has been held by this court that the use of certain general words alleged to be slanderous was not legally so unless the language was spoken with reference to some particular act or transaction which gave it a certain defamatory signification. But the true grounds of these deci-

sions appear to have been that the words stated as slanderous were of ambiguous or uncertain meaning, not necessarily importing the commission of an infamous crime; and they did not involve the question whether the use of a general term which clearly imputes to the person accused that he is guilty of a high crime, such as murder, robbery, or theft, was not *per se* actionable.

We are of the opinion that the accusation that a person is a thief is equivalent in its legal effect to a specific charge that he is guilty of larceny. It results that the court erred in sustaining the demurrer to the petition.

Wherefore the judgment is reversed and the cause remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.

Judge LINDSAY does not concur in the opinion of the majority of the court, that to charge one with being a thief is equivalent to charging him with having been guilty of the commission of the crime of larceny; wherefore he is constrained to dissent from the conclusion reached by such majority.