## THOMAS P. CONNOR *v.* WALTER L. BRANSFORD.

[Abstract Kentucky Law Reporter, Vol. 5—612.]

**Slander.**

An action for slander will lie for the wilful publication of a false accusation if the charge imports that the accused person is guilty of a felony.

**Slander.**

. To charge that a person is a thief or a thieving person is equivalent to a specific charge, that he is guilty of larceny, and such a charge is slanderous.

### APPEAL FROM MONROE CIRCUIT COURT.

January 12, 1884.

OPINION BY JUDGE LEWIS:

The general demurrer to the petition in this case having been sustained and the action dismissed, the plaintiff appeals.

It is alleged in the petition, in substance, that the defendant, maliciously intending to bring the plaintiff into public disgrace, and to give him the standing and reputation in society of a felon, did in the presence of divers persons, and in regard to the settlement of a business transaction between the firm of Settle. and Kinnaird and one Smith, use the following false, slanderous and defamatory words 'of and about the plaintiff: "It would have been all right, Smith would have settled and fixed up the matter had it not been for the interference of his thieving old daddy-in-law," meaning the plaintiff.

The only question in this is whether the word "thieving" as applied to plaintiff is actionable. As held by this court in the case of *McNamara v. Shannon,* 8 Bush (Ky.) 557, at common law the general rule seems to be that an action for slander will lie for the wilful publication of any false accusation, though made in general words only, if the charge clearly and unequivocally imports that the person accused is guilty of some felony or other crime of such turpitude as to render him liable, upon indictment, to some infamous punishment." Applying the rule in that case this court held that the accusation that a person is a thief is equivalent in its legal effect to a specific charge that he is guilty of larceny.

Adhering to the rule recognized in that case and applying it here, as we think should be done, it is difficult to avoid the conclusion that the word used is actionable and that the court erred in sustaining the demurrer to the petition. For if the accusation that a person is a thief is equivalent in its legal effect to a specific charge that he is guilty of larceny, equally so is an accusation that he is a thieving person. A "thief" is defined by Webster to be one who is' guilty of theft or larceny. "Thievish" which is according to common acceptation synonymus with "thieving" is defined: given to stealing; addicted to the practice of theft; like a thief. The word "thieving" does not imply merely a disposition or propensity to steal, but imports as clearly and fully that the person accused has been actually guilty of theft or larceny, and involves as much turpitude, as does the word "thief."

Wherefore, the judgment sustaining the demurrer and dismissing

the petition must be *reversed* and cause remanded for further pro-
ceedings consistent with this opinion.

*John M. Basham, for appellee.*