## Spears v. Ford, Jr.

(Decided February 6, 1923.)

### Appeal from Pike Circuit Court.

Libel and Slander—Words Slanderous *Per Se.*—To falsely publish of another person, "He will steal everything you have," "He follows stealing everything he can get his hands on," is slanderous, per se.

ALEX. L. RATCLIFF for appellant.

JOEL E. CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In this action for slander a demurrer was sustained to the petition on the ground that the accusative language was not slanderous, *per se.*

It was as follows: "He will steal everything you have." "He follows stealing everything he can get his hands on."

In Webster's New International Dictionary the word "follow" is thus defined: " . . . to walk in, to proceed along as a road, or course, to attend upon closely as a profession or calling."

It is conceded that the first paragraph of the alleged defamatory matter is not actionable, *per se*, but it is insisted that the second paragraph is actionable.

Giving the word "follow" the meaning of calling or occupation the phrase would be, "His occupation or calling is stealing everything he can get his hands on," and this would seem to be equivalent to charging him with being a common thief, or being habitually guilty of larceny, a crime involving moral turpitude and rendering him liable to indictment and to infamous punishment.

Frequently a charge that would otherwise be slanderous is modified or qualified by other language, showing that an infamous crime is not intended to be charged. This is not slanderous, *per se*, but, as said in 25 Cyc. 302:

"As a general rule to say of a person that 'he stole,' 'is stealing,' 'has stolen' or otherwise to charge him with stealing property belonging to the speaker, or to a third person without any accompanying language to qualify the offensive import of the charge is actionable *per se.*"

It is argued that the language is too general and indefinite to be made the subject of indictment, and that an action will lie only for a specific charge upon which an indictment can be based. Cases may be found in which such distinctions have been drawn, but this court has adopted the other construction.

In McNamara v. Shannon, 8 Bush 557, the charge was, "You are a God damn thief," and the same objection was raised as in this case, and the court said:

"At the common law and independent of a class of cases in which the use of defamatory words is made actionable by statute, the general rule seems to be that an action for slander will lie for the willful publication of any false accusation, though made in general words only, if the charge clearly and unequivocally imports that the person accused is guilty of some felony or other crime of such moral turpitude as to render him liable upon indictment, to some infamous punishment." Citing Starke on Slander, page 49, and other authorities," . . . We are of the opinion that the accusation that a person is a

thief is equivalent in its legal effect to a specific charge that he is guilty of larceny.'' Ibid.

See also R. C. L., vol. 17, page 12; 25 Cyc. 302.

We are of the opinion that the petition stated a cause of action and that the demurrer should have been overruled.

For the reasons stated the judgment is reversed and cause remanded for proceedings consistent with this opinion.