## Russell *vs* Wilson.

APPEAL FROM THE MONTGOMERY CIRCUIT.

*Slander.    Words.*

JUDGE BRECK delivered the opinion of the Court.

THERE is no material variance between the words pro-
ven upon the trial and as laid in the declaration ; but we
are of opinion the words proven, or which the testimony
conduced to prove, were insufficient to sustain the plain-
tiff's action.

The testimony conduces to prove that the defendant
made this declaration : that Wilson held Foster's horse
whilst Foster knocked defendant off his horse, put his
hand in his pocket, and said the damned old rascal had
no money, and he would take his tobacco for his trouble ;
that one held while the other skinned.   These words are
substantially laid in the declaration, with an innuendo
that the plaintiff and Foster assaulted with an intent to
rob the defendant of his money, and finding no money,
they picked his pockets and robbed him of his tobacco.

The words do not import an actual robbery of either
money or tobacco.   The declaration that Foster said,
finding no money, he would take his tobacco for his
trouble, does not necessarily imply that he did actually
take the tobacco.   Foster might have made the remark
as stated by the defendant, and still have left his tobacco
in his pocket.   If the words then, do not import an actual
robbery, are they actionable, as importing an attempt to
rob ?  We think not.   An attempt to rob was not a felo-
ny at common law.   The question then arises, whether
the words as proven, present a case within our statute,
(2 *Stat. Laws*, 1281,) for the punishment of assaults,
with intent to rob.   The statute provides, ''if any person
or persons, with an offensive weapon or instrument, un-
lawfully and maliciously shall assault, or shall by mena-
ces, or in or by any forcible or violent manner, demand
any money, goods or chattels of, or from any other per-

CASE.

7bm261
137   801

*Case 68.*

*June 14.*

Case stated.

To say that 'Wil-
son held Foster's
horse whilst Fos-
ter knocked the
defendant off his
horse, put his
hand in his pock-
et and said the
damned old ras-
cal had no mon-
ey, and he would
take his tobacco
for his trouble:
The one held
while the other
skinned,' is not
actionable—im-
porting the com-
mission no felo-
ny.

son or persons, with a felonious intent to rob or commit robbery upon such person or persons, such offender, his aiders, abettors, &c., shall undergo a confinement in the jail and penitentiary, &c.

The first clause makes the offence consist of an unlawful or malicious assault with an offensive weapon or instrument with a felonious intent to rob. The offence in the second clause consists, by menaces, or in or by any forcible or violent manner, of a demand of any money, goods or chattels of or from any other person or persons, with a felonious intent to commit a robbery upon such person or persons. The words in this case do not import an assault with an offensive weapon or instrument, nor do they import a demand as required to constitute the offence under the second clause. The words, if true, therefore, would not constitute an offence under the statute.

It follows that the Court below erred in not sustaining the motion for a nonsuit.

The instruction given to the jury, we think, was also erroneous. It was the province of the Court, and not the jury, to decide upon the import of the words, which the testimony conduced to prove.

The judgment is therefore reversed, and the cause remanded, that a new trial may be granted, without the payment of costs.

*Apperson* for appellant; *Peters* for appellee.