Battle, J.
 

 The plaintiff’s declaration contains two counts; one for words spoken, and the other for a malicious prosecution. Testimony was given, on the trial, tending to support both these counts, and the instructions given by his Honor to. the j nry may be referred, in part, at least, to both the counts, and the verdict of the jury is general. Such being the case, if either of them cannot be supported, or if an error has been committed with respect to either, the defendant is entitled to anew trial;
 
 Moorehead
 
 v.
 
 Brown,
 
 6 Jones’ 267. Now, a mere attempt to commit a felony, no matter how heinous the felony may be, is only a misdemeanor, the punishment of which, is not deemed infamous, therefore an accusation
 
 *302
 
 against a man, of such an offense, is not deemed actionable
 
 per se,
 
 and cannot be made so, except by alleging and proving special damage. The count for words spoken cannot, then, be supported, because the record does not show any allegation, or proof, of such special damage. It follows that the verdict, which is general, must be taken to have been rendered on both the counts, and the judgment thereon rendered, is, therefore, erreneous, and must be reversed. Had there been no evidence, nor instructions given, applicable to the first count, then the verdict and judgment, though general, would be regarded, by us, as having been rendered on the second count, only, and we should have affirmed the judgment;
 
 Jones
 
 v.
 
 Cook,
 
 3 Dev. 112; State v. Long, 7 Jones, 24. But as the case stands, the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.