JUDGE ROBERTSON
delivered the opinion op the court.
This action of slander charges the false and malicious utterance of the following words by the appellant against the appellee: “He sheared two of Zack Austin’s sheep, meaning to charge that plaintiff had stolen the wool from two of Zack Austin’s sheep.” “Jesse Piner sheared Zack Austin’s sheep, and kept the loool; thereby meaning to charge plaintiff with the crime of larceny; all of which was slanderous.”
Neither of these charges imports per se a criminal act. The innuendo can not change or enlarge the legal effect of the utterances as alone properly interpreted and understood. And therefore, the words themselves not necessarily importing actionable slander, the circuit court erred in *519 instructing the jury to find for the plaintiff in the action, if they believed that the charge as recited in the petition had been proved; and consequently, on the motion for a new trial, the verdict for damages ought to have been set aside.
Wherefore the judgment on the verdict is reversed, and the cause remanded for a new trial.