## W. D. Pillow *v.* Sam T. Duncan.

**Slander—Words Not Actionable.**

    The following words spoken are held not to be actionable: "By the time Bill Pillow steals a few more board trees from me I will be able to get another ———. I am certain he stole a board tree from me. He had a tree of mine made into boards without my permission. Can you make it out anything but stealing? It is stealing."

**Words Actionable in Slander.**

    To charge one with being a thief is actionable, but where such words are followed by others of an explanatory nature showing that simply a trespass has been committed, such a charge is not slanderous.

### APPEAL FROM LOGAN CIRCUIT COURT.

#### October 8, 1878.

Opinion by Judge Hines:

Appellant instituted two actions for slander in the Logan Circuit Court against appellee. A demurrer to each of the petitions was sustained by the court below, and an appeal taken. On the hearing here both cases were considered together and the judgments of the lower court affirmed.

In the first case the words charged are: "He has stolen a board tree from me up there on the hill, and I am going to have him turned out of the church for it. Bill has stolen a tree from me up there on the hill."

In the second case the words set forth are: "By the time Bill Pillow steals a few more board trees from me I will be able to get another—I am certain he stole a board tree from me. He had a tree of mine made into boards without my permission. Can you make it out anything but stealing? It is stealing."

Counsel for appellant asks a rehearing in the last case. After a careful consideration of the reasons urged and of the authorities

cited, the court is constrained to abide by the opinion already delivered.

In *Clay v. Barkley,* Sneed 67, the words held not actionable were "He killed and salted one of my hogs." In *Porter v. Hughey,* 2 Bibb 232, the words "Hughey's boys did frequently come to our house and hire our negroes and take the dogs and go down into the river bottom and kill cattle no more theirs than mine," were held not to carry with them the imputation of a crime.

The words, "Wilson held Foster's horse whilst Foster knocked defendant off of his horse, put his hand in his pocket, and said the damned old rascal had no money, and he would take his tobacco for his trouble; that one held whilst the other skinned," were held not to import an actual robbery of either money or tobacco. *Russell v. Wilson,* 7 B. Mon. 261.

A majority of this court in *McNamara v. Shannon,* 8 Bush 557, Judge Lindsay dissenting, held that the words, "You are a God-damned thief," were actionable. They universally imputed the crime of larceny, and must have been so understood by those who heard them. But suppose these words had been immediately followed by others, of an explanatory nature, showing that simply a trespass had been committed, would it be contended that the words thus explained were actionable? The case supposed is of the nature of the one under consideration. To say "He stole a board tree from me," if the tree could be the subject of larceny, would be actionable; but when the person speaking explains his meaning by saying "He had a tree of mine made into boards without my permission," it appears that the offense, instead of larceny, is simply a trespass. To designate the offense a larceny does not make it so. There is no charge of stealing the boards.

The petition for rehearing is *overruled.*

*R. S. Brevier, for appellant. J. H. Bowden, for appellee.*