## JAMES B. SLEODD v. W. H. JESSIE.

**Petition for Slander.**
> The plaintiff in an action of slander cannot by averment enlarge the meaning or change the sense of the language actually used by the defendant.

**Malice in Slander.**
> To constitute slander the words, if spoken, must have been spoken with a malicious purpose, and while the mere utterance may be prima facie evidence of malice, still the presumption of malice may be rebutted, and hence is not to be conclusively presumed from the speaking of the words.

**Instruction as to Malice.**
> The question of malice is with the jury and not the court, and an instruction that malice is implied from certain proven facts is erroneous.

APPEAL FROM SHELBY CIRCUIT COURT.

May 22, 1879.

OPINION BY JUDGE PRYOR:

The plaintiff in an action of slander cannot by an averment enlarge the meaning or change the sense of the language actually used by the party charged. Hence, in the cases of *Porter v. Hughey,* 2 Bibb 232, and *Brown v. Piner,* 6 Bush 518, it was held that the words used did not amount to a charge of any criminal act, and the innuendo would not be allowed to affect their meaning as generally understood. In this case, however, there is something more charged than a mere trespass. The words "and you took my heifer from Price. If I wanted my heifer I would go to your butcher shop,

or some other to find her. You took my heifer and knew it was not yours. You may call that what you please, stealing or taking." It is evident from the words alleged, if spoken, that the appellant intended to charge the appellee with committing a felony, and gave those present to understand that he meant to charge something more than a mere trespass. His own interpretation of the words used is found in the response he attempts to elicit from the appellee, when he says "you can call it stealing or taking as you please." In other words, "I charge you with either a felony or trespass, and care not what meaning may be attached to the words used, and as two different meanings may be attached to my language, I am willing that either may be placed upon it." The appellant, interpreting his own words, is bound by it, and we think if uttered must have been intended to charge the appellee with the crime of larceny.

We do not determine, however, from the proof that the words were spoken, as there is some conflict in the testimony, and this question must be left alone with the jury.

To constitute slander the words, if spoken, must have been published with a malicious purpose, and while the mere utterance of the language charged may be prima facie evidence of malice, still if admitted to have been published the presumption of malice may be rebutted, and is not to be conclusively presumed. The question of malice is with the jury, and not the court, and the instructions given for the appellee were erroneous because they took from the jury the right to consider this question, and in effect said they must find for the plaintiff. If the charge was made with a malicious intent then the jury should find for the plaintiff in the absence of any justification. If the publication of the words is conclusive on the question of malice, why is it necessary to allege in an action of slander that the words were spoken maliciously? All text-books on the subject of pleadings make such an allegation indispensable, as malice is in fact the gravamen of the action; and unless it is shown to have prompted the speaking of the words no recovery can be had. It is then a question of fact for the jury, and the court has no power to take it from their consideration. In *Williams v. Gordon,* 11 Bush 693, this question was virtually decided. The occasion and circumstances under which the words were spoken often throw light on the question of malice, and the mere fact that the words were spoken will not preclude the jury, when considering all the circumstances

and the manner in which they were spoken, from saying that they were not uttered with a malicious intent.

The court in Instruction No. 5, given at the instance of the appellant, said to the jury that they might take into consideration all the circumstances proven in the case in determining the question of malice; still this did not cure the error in the instructions for the plaintiff to the effect that if the words were spoken they must find for the plaintiff. The one was in conflict with the other.

For the reasons indicated the judgment below must be *reversed* and the cause remanded with directions to award a new trial.

*Bullock & Beckham, A. Duvall, for appellant.*

*Caldwell & Harwood, for appellee.*