Lemons v. Wells.

---

CASE 23—PETITION ORDINARY—OCTOBER 23.

# Lemons v. Wells.

78 117
a102 287

APPEAL FROM M'CRACKEN CIRCUIT COURT.

1. "He, L. W., knew that L. poisoned his mare, and he would have L. arrested on suspicion for poisoning his mare," spoken of L., is actionable.

2. It is not essential that the words spoken charge a felony. Words that charge an offense that is indictable and punishable by fine and imprisonment are actionable.

MESSRS. BIGGER & REED FOR APPELLANT.

1. The words alleged are slanderous. Although they do not import a felony, they charge an offense that is indictable, and may be punished by fine and imprisonment. (Gen. Stat., sec. 7, art. 8, chap. 29; 5 Johnson, 190; Am. Leading Cases, 98; 13 Johnson, 124; Ibid, 13; 5 Cowan, 503; 9 Wendell, 141; 3 Hill, 22; 24 Wendell, 354; 8 Pick., 385; 91 U. S. Rep., 233; 19 Ohio, 450; 27 Ibid, 326; 6 Ibid, 228; Starkie on Slander, 134.)

HENRY BURNETT FOR APPELLEE.

1. The words charged are not actionable. They do not import a felony either at common law or by statute, nor do they import a misdemeanor involving moral turpitude. (Gen. Stats., chap. 29, art. 18, sec. 7; 10 B. Mon., 417.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

In this action for slander, the plaintiff, Lemons, alleged in his petition that the defendant, Wells, did . . . . willfully

and maliciously speak and publish of . . . . him these false·
and slanderous words: "He (L. W. Wells) knew that
Lemons poisoned his horses.   He (L. W. Wells) knew that
Lemons poisoned his mare Alice, and that he would have·
him arrested, on suspicion, for poisoning his mare Alice."·

To the petition the defendant interposed a general de-
murrer, which the court below sustained, and plaintiff, fail-
ing to amend, dismissed his petition.   Were the words set
forth in the petition actionable in themselves?   The words,
alleged to have been spoken by defendant, if true, would
subject the plaintiff to an indictment, and, upon conviction,
to punishment by fine of not less than $10 nor more than
$1,000, or imprisonment not less than one nor more than
twelve months, or such fine and imprisonment both.   (Gen-
eral Statutes, section 7, article 18, chapter 29.)

And in the next section it is provided, that if the poisoned
stock die, the offender may be confined in the penitentiary
not less than one year.

At common law, actionable words *per se* were such as im-
ported a felony; but many public offenses were felonies at
the common law which are mere misdemeanors by more en-
lightened American statutory law.   The general rule is, that
any words which charge a person with an indictable offense,
which is punishable by an infamous or corporal punishment,.
or which involves moral turpitude, are actionable in them-
selves.   (Brookes v. Coffin, 5 Johns, 190; Bissell v. Cornell,
24 Wend., 354; Cooley on Torts, page 196.)   The words set
forth in the petition charged the plaintiff with an indictable
offense punishable by corporal punishment, and also an
offense of the greatest moral turpitude.   Nothing could de-
grade·a citizen more in the estimation of his neighbors than

the belief that he was guilty of the inhuman and dastardly act of poisoning stock.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.