## J. G. BURTON *v.* G. C. WHARTON.

[Abstract Kentucky Law Reporter, Vol. 1—341.]

**Slander—Words Charged.**

Words spoken of another not importing criminality are not per se actionable, and their meaning cannot be enlarged by alleging that the person speaking them intended to charge more than the words on their face import.

**Motives of the Trial Judge.**

The motives or influences which operate upon the mind of the trial judge in making a decision cannot be inquired into in a suit between private parties, in which the judgment is in no manner involved.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

October 15, 1880.

OPINION BY JUDGE COFER:

The words charged are not per se actionable. They do not import criminality, and their meaning cannot be enlarged by alleging that the person speaking them intended to charge more than the words on their face import. *Brown v. Piner,* 6 Bush 518.

That the judge was influenced, by the words charged to have been spoken, to inflict upon the appellant greater or more ignominious

punishment than he would otherwise have inflicted, presents an issue which public policy forbids that the appellant should be permitted to make. The motives or influences which operate upon the mind of a judge in rendering a decision cannot be inquired into in a suit between private parties in which the judgment is in no way involved. To permit such a practice would place it in the power of private persons, whenever they chose to do so, by real or feigned issues, to institute an inquiry into the influences which operated to produce any decision that may be made. The government alone has power to institute and prosecute such proceedings.

Judgment *affirmed.*

*Isaac H. Trabue; W. C. Whittaker, for appellant.*

*Russell & Helm, for appellee.*