### LAFAYETTE SPROUL *v.* DAVID REED.

[Abstract Kentucky Law Reporter, Vol. 1—407.]

**Variance in Petition and Proof in Slander Suit.**
> The rule in slander is that words spoken must be proven substantially as they are laid. Equivalent words of slander will not do.

**Variance.**
> When it is charged in a petition for slander that: "Dr. Sproul signed my name and the name of Richard M. Coulter to a note to Dr. Flanagan for the sum of two hundred dollars. I never saw the note. He signed it without my authority and without the authority of Coulter," there is a fatal variance when the proof shows that: "Reed said he had never seen or signed such note, and if Flanagan held such note. with his name to it his name had been forged either by the plaintiff, Sproul, or some other person, that said note was a forgery."

APPEAL FROM CASEY CIRCUIT COURT.

November 6, 1880.

OPINION BY JUDGE HINES:

The only question is as to whether there is a fatal variance between the allegation of the slander in the petition and the proof adduced on the trial.

The only actionable words in the petition are: "Dr. Sproul signed my name and the name of Richard M. Coulter to a note to Dr. Flanagan for the sum of two hundred dollars. I never saw the note. He signed it without my authority and without the authority of Coulter." The words proved as stated in the bill of evidence are:

"Reed said he had never seen or signed such note, and if Flanagan held such note with his name to it his name had been forged either by the plaintiff, Sproul, or some other person, that said note was a forgery."

The rule is that words must be proved substantially as they are laid; it is not enough to prove words of the same effect or import, or conveying the same idea; the words must be substantially the same words, and it is not sufficient that they contain substantially the same charge, but in different phraseology; equivalent words of slander will not do. This rule is endorsed in *Hurdt v. Courtenay*, 4 Met. 139. Applying it here, it is manifest that the variance between the allegations and the proof is fatal, and that the court properly instructed the jury to find for the defendant.

*George Denny, Jr., T. Z. Morrow, for appellant.*

*Stone & Hays, for appellees..*

[Cited, *Tharp v. Nolan*, 119 Ky. 870, 27 Ky. L. 326, 84 S. W. 1168.]