CASE 113—ACTION BY O. K. NOLAN v. A. J. THARP, FOR SLANDER.—
    FEB. 17.

# Tharp v. Nolan.

JUDGMENT FOR PLAINTIFF. DEFENDANT APPEALS. REVERSED.

APPEAL FROM POWELL CIRCUIT COURT—J. M. BENTON, CIRCUIT JUDGE.

SLANDER—BRIBERY—PLEADING.

1. To render words actionable, unless special damages are shown,
   they must import that the person to whom they are spoken is
   guilty of a felony, or some crime of such turpitude as to ren-
   der him liable on an indictment.
2. Kentucky Statutes, 1903, section 1366, makes it an offense for any
   ministerial officer to take or agree to take any bribe to do or to
   omit to do any act in his official capacity. HELD, that, to make

one guilty under the statute, the taking of the bribe or agree-
ment to take it, must occur while the person is an officer; and
words charging that defendant furnished money to elect plain-
tiff a justice of the peace in consideration of his agreeing to
vote for the dismissal of a certain suit then pending, and in
which the county was plaintiff, and that after his election he
so voted, were not slanderous *per se.*

3. In slander, plaintiff must prove his words as alleged, and not oth-
er words of like import, and defendant is not allowed to plead
that he used other words, and justify them.

O. H. POLLARD and R. L. GREENE, attorneys for appellant.

1. It is a well settled rule that in an action for slander the
petition must allege and the plaintiff must prove the words
spoken. It is not sufficient to prove words of the same effect,
or that import or convey the same meaning.

2. The statement, "I put up money to elect him," when spok-
en of a private citizen who is a candidate for office, does not
amount to charge of bribery and if the statements were true
the offense committed by appellee was not an indictable one.

3. Where the proof shows that the words spoken were not
substantially the same words alleged it was the duty of the
court to instruct the jury to find for the defendant. Taylor v.
Morain, 4 Met., 139; Brown v. Tevis, 6 Bush, 518; Fields v.
Nelson, 93 Ky., 347.

4. Where the proof shows that the defendant did not speak
the words charged, the plaintiff's petition should have been dis-
missed, or the defendant should have been allowed to file an
amended answer setting out the words which he did speak
and averring and proving that they were true.

L. A. WEST and RIDDELL & RIDDELL, attorneys for appellee.

1. We submit that the court properly refused to allow the de-
fendant to file the amended answer tendered in this case which
was inconsistent with his original answer.

2. The evidence heard is sufficient to support the verdict
and the judgment should be affirmed. Brady v. Peck, 99 Ky.,
44; Northington v. Boyd, 12 R., 227.

Opinion of the court by CHIEF JUSTICE HOBSON—Reversing.

Appellee sued appellant for slander; charging that he
said about him on or about July 10, 1899, and on divers

other days, the following words: "I bribed him in the rail-
road case. I know he was bribed, and can do it again. He
sold out in the railroad case, and received a bribe." He al-
leged that the defendant thereby meant that he had com-
mitted the crime of receiving a bribe and being bribed as a
citizen and justice of the peace, which office he then held,
to vote on a matter to be decided by the plaintiff, as such
officer, in regard to withdrawing a suit by the county of
Estill against the Richmond, Nicholasville, Irvine & Beat-
tyville Railroad Company, as to the delivery of the bonds
of the county to the company, which matter was then to be
decided by the plaintiff and associate justices of the peace
of the county, as to the withdrawal or dismissal of that
suit. The defendant filed answer traversing the allegations
of the petition on April 1, 1901. A change of venue was
then granted to Powell county, and the case was finally
tried in Powell at the June term, 1902. On the trial the de-
fendant offered to file an amended answer in which he re-
iterated his denial that he had spoken of the plaintiff the
words set out in the petition, but alleged that he had spoken
of him these words, and that they were true: "I furnished
the money to elect him justice of the peace for Estill county
in consideration of his agreeing to vote for the dismissal
of a suit then pending in the Estill common pleas court in
favor of said county, against the Richmond, Nicholasville,
Irvine & Beattyville Railroad Company, and after his elec-
tion he did vote to dismiss said suit." The court re-
fused to allow the amended answer to be filed, and the case
went to trial under the denials of the original answer. The
jury returned a verdict for the plaintiff in the sum of $500,
and the defendant appeals.

The proof showed that Estill county had made a subscrip-
tion to the Richmond, Nicholasville, Irvine & Beattyville

Railroad Company, and that the county had instituted a suit in the Estill circuit court to restrain a delivery of the bonds, and that at this stage of the proceedings an effort was made by the railroad company to get the fiscal court to order the suit dismissed. An election of magistrates was held, at which the plaintiff was elected, and after his election he, with others, voted for the dismissal of the suit, and it was dismissed. The proof for the plaintiff on the trial tended to show that after this suit had been dismissed the defendant said of the plaintiff that he had bought him in the railroad case, and, if necessary, he could buy him again. But the evidence, taken as a whole, which was introduced on the behalf of both parties, tended to show that the defendant stated at the time that he furnished the money to elect the plaintiff to the office of justice of the peace; that for this the plaintiff agreed, when elected, to vote to dismiss the suit; and that he did vote to dismiss it. On this evidence, the defendant's testifying that he had furnished the money as indicated, and had said of the plaintiff, in substance, the words alleged in his amended answer, and only those words, the court instructed the jury as follows:

"(1) If the jury believe from the evidence that the defendant, A. J. Tharp, on or about the 10th day of July, 1898, spoke of and concerning the plaintiff, O. K. Nolan, the words: 'I bribed him in the railroad case. I know he was bribed, and I can do so again. He sold out in the railroad case, and received a bribe'—or those words in substance—they should find for the plaintiff, and fix his damages at such a sum as the jury may believe from the evidence will fairly and reasonably compensate the plaintiff for the disgrace, shame, humiliation, mortification, or anguish of mind suffered by the plaintiff. If they believe he suffered such by reason of the speaking of said words, or substantially said words, if they

believe from the evidence that the defendant spoke them, and the jury may also allow such punitive damages as they may deem proper under all the circumstances introduced in evidence, not exceeding, in all, five thousand dollars ($5,000).

"(2) Unless the jury believe from the evidence that the defendant spoke of and concerning the plaintiff the words mentioned in the first instruction, or substantially those words, they should find for the defendant."

To be actionable, unless special damages are shown, the words spoken must import that the person accused is guilty of a felony, or other crime of such turpitude as to render him liable upon indictment to punishment. McNamara v. Shannon, 8 Bush, 558. Thus to charge that one is an insurgent or an embezzler, before the statute was passed punishing embezzlement, or to charge that a person is a rogue, has been held not actionable. There is no statute punishing the bribery of a citizen. The only statute which seems applicable is section 1366, Kentucky Statutes, 1903, which is as follows: "If a member of the General Assembly, or if any executive or ministerial officer, shall take or agree to take any bribe to do or to omit to do any act in his official capacity, he shall forfeit his office, and be fined in a sum of not less than two hundred nor more than one thousand dollars, and moreover, be disqualified from holding any office of trust or profit, and from the right of suffrage for ten years." The taking or agreeing to take a bribe constitutes the offense under this statute. For, if the officer, after getting the bribe, should fail to keep his contract, he would be none the less guilty than he would be if he had performed it. To be guilty, therefore, under the section, the taking of the bribe, or the agreement to take it, must occur while the person is an officer . The statute does not punish the acts or

agreements of private citizens. If the defendant furnished money to elect the plaintiff justice of the peace for Estill county in consideration of his agreeing to vote for the dismissal of the suit then pending against the railroad company, and he afterwards voted against the dismissal of the suit, it would hardly be maintained that he was guilty of receiving a bribe as a public officer on account of his agreement made before his election, when, after his election, and as an officer, he had done nothing wrong. If the transaction was within the statute, as we have said, his guilt or innocence in no manner depended upon his standing to his agreement. The proof on the trial showed, or at least was sufficient to warrant the jury in finding, that the defendant explained at the time he used the words complained of by the plaintiff just what he referred to; and if he did so, and his words were so understood by those who heard them, what he said was not actionable. The court should have presented this view of the case to the jury, for if, taking all that the plaintiff said at the time, it was apparent that he only referred to a matter that took place before the plaintiff's election as a justice of the peace, there was no charge of bribery. The only testimony introduced on behalf of the plaintiff as to the words used by the defendant was that the defendant said that he bought the plaintiff in the railroad case, and, if necessary, he could buy him again. The rule in slander is that the plaintiff must prove his words as alleged by him, and not other words of like import. For this reason the defendant is not allowed to plead that he used other words, and justify them. The court properly refused to allow the amended answer to be filed, but the words proved on the trial were not the words alleged in the petition, nor substantially so, within the rule excluding words of like import. The rule is thus stated in Townshend on

Slander, section 365: "The plaintiff need not prove all the words laid, but he must prove enough of them to sustain the action. It is sufficient if the gravamen of the charge as laid is proved, and, unless the additional words qualify the meaning of those proved so as to render the words proved not actionable, the proof is sufficient. It is necessary for the plaintiff to prove some of the words precisely as charged, but not all of them, if those proved are in themselves slanderous; but he will not be permitted to prove the substance of them in lieu of the precise words." Again in section 369 it is said: "Where the words set forth, in their ordinary sense, import a charge of crime, if they are proved to have been so spoken in connection with other words as to rebut the idea of criminality there is a fatal variance." In section 371 a number of variances are collected which have been held fatal—none of them stronger than the case before us. See, also, Taylor v. Moran, 4 Metc., 138; Sproul v. Reed, 1 Ky. Law Rep., 407; Catlett v. Brumley, 10 Ky. Law Rep., 322; 13 Ency. Pl. & Pr., 63.

Judgment reversed, and cause remanded for a new trial.