Curtis v. Iseman.

CASE 97.—ACTION BY LEE CURTIS AGAINST MIKE ISEMAN
FOR SLANDER.—April 15, 1910.

## Curtis v. Iseman

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Libel and Slander—Words Actionable—Imputation of Crime.
   —The words, "You damned son of a bitch! I'll learn you
   how to steal a buggy whip," are not actionable per se, as
   they do not necessarily charge or impute . the crime of lar-
   ceny, and an averment that by their use the crime of larceny
   was charged, or was meant to be charged, could not give
   them a meaning which the words themselves did not import.
2. Libel and Slander—Innuendo—Office of—Colloquium.—While
   it is the office of the innuendo to explain the words spoken
   and to annex to them their proper meaning, it may not in-
   troduce new matter or enlarge the meaning of the words,
   nor can it supply the place of a colloquium.   .
3. Libel and Slander—Petition—Facts—Colloquium.—If   the
   words complained of in slander derive their slanderous im-
   port from extrinsic facts, the petition must aver these facts
   and connect them by a colloquium with the words charged.
4. Libel and Slander—Imputation   of   Crime—Colloquium.—
   Where words charged to have been spoken are unequivocal
   and convey a direct charge or imputation of crime, no col-
   loquium is necessary.
5. Libel and Slander—Meaning of Words—Admission—Effect.—
   Where no extraneous facts were alleged with respect to
   words complained of which gave them a slanderous meaning,
   the admission that they were spoken gives them no meaning
   other than the words themselves convey.
6. Libel and Slander—Words Actionable.—The words, "The
   damned scoundrel was trying to steal from me, and I am
   the man that whipped him," are not actionable per se, since

Curtis v. Iseman.

it is not clear whether the words import a charge that the person was preparing or attempting to steal.

7. Larceny — What Constitutes—Preparation—Attempt.—Neither the preparation nor attempt to steal constitutes larceny.

8. Libel and Slander—What Constitutes—Attempt to Steal.— To say that a person was trying or attempting to steal does not constitute slander.

9. Libel and Slander—Words Actionable—Imputation of Crime. —The words "The damned scoundrel was trying to steal from me, and did steal from me," are actionable per se, since they import the crime of larceny.

10. Libel and Slander—Answer—Burden of Proof.—Where the answer in an action for slander denied that defendant used the words, "and did steal from me," the burden of proof was upon plaintiff.

W. A. BERRY, WHEELER, HUGHES & BERRY and W. A. MIDDLETON for appellant.

CAMPBELL and CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In this action it was, in substance, averred in the petition that appellee in the presence and hearing of appellant and others falsely and maliciously spoke of and concerning appellant the following alleged slanderous words: "You damned son of a bitch! I'll learn you how to steal a buggy whip." And the further words: "The damned scoundrel was trying to steal from me, and did steal from me, and I am the man that whipped him." The words first mentioned were set out in paragraph 1 of the petition, and those last mentioned in paragraph 2 thereof; it being charged in each paragraph that the words alleged in each were false, and that the appellee by the speaking thereof falsely and maliciously intended to charge, and did charge, that appellant was guilty of the crime of larceny. After filing a general demurrer to the peti-

tion, and entering a motion to strike out certain parts thereof, both of which were overruled by the trial court, appellee filed answer, in which he admitted the speaking of the words set out in the first paragraph of the petition, and also that he did say of appellant, as charged in the second paragraph, "The damned scoundrel was trying to steal from me," and, "I am the man that whipped him," but denied that he spoke of and concerning him the words, "and did steal from me," and likewise denied that the words admittedly used were false, that they were maliciously spoken by appellee, or that he intended thereby to charge, or did charge, that appellant was guilty of the crime of larceny. In addition to the admissions and denials mentioned, the answer set forth the circumstances under which the words admitted were spoken it being therein alleged, in substance, that appellant went to appellee's livery stable to get a wagon and pair of horses which he had there, and upon starting away with them took one of appellee's buggy whips, that appellee informed him he was carrying away his whip, which appellant denied, and claimed the whip as his own property, whereupon they had a fight about the whip, which appellee took from him, and that during the difficulty, and with respect to appellant's wrongful taking of the whip, appellee used of and concerning him the words admitted in the answer. The court, on appellant's motion, struck from the answer certain immaterial parts thereof, and what was left of the answer was traversed by reply. Upon the issues presented by the pleadings, the parties went into trial; but, the court having ruled that the burden of proof was upon appellant, he excepted to the ruling and refused to introduce any evidence, where-

upon the court peremptorily instructed the jury to
find for appellee, which they at once did, and, fol-
lowing the return of the verdict, judgment was en-
tered dismissing the action at appellant's cost. From
that judgment and the refusal of the court to grant
him a new trial, the latter has appealed.

We do not think that the trial court erred in rul-
ing that the burden of proof was upon appellant.
The words, "You damned son of a bitch! I'll learn
you how to steal a buggy whip," contained in the
first paragraph of the petition, and which the answer
admits were spoken to appellant by appellee, are
not actionable per se, for, though vulgar and in-
sulting, even if jestingly used, they do not necessar-
ily charge or impute the crime of larceny to appel-
lant; nor are they incapable of such a construction
as would give them a harmless meaning. Indeed,
they might truthfully be said of one who has never
stolen, or attempted to steal, a buggy whip or other
property. The averment accompanying them that
appellee, by their use, meant to charge, or did charge,
appellant with the crime of larceny, cannot give to
them a meaning which the words themselves do not
import. While it is the office of the innuendo to ex-
plain the words spoken and annex to them their
proper meaning, it may not introduce new matter or
enlarge the meaning of the words, nor can it supply
the place of a colloquium. If the words complained
of in slander derive their slanderous import from
extrinsic facts, the petition must aver these facts
and connect them by a colloquium with the words
charged. But where the words charged to have been
spoken are unequivocal and convey a direct charge
or imputation of crime, no colloquium is necessary.
No extraneous facts are alleged with respect to the

words complained of in the first paragraph of the petition which give to them a slanderous meaning, and the mere admission of the answer that they were spoken by appellee gives them no meaning other than the words themselves convey; besides, it is denied in the answer that they were maliciously spoken,·. or that in speaking them appellee intended to charge appellant with the crime of larceny. This denial is at least as good as the conclusion alleged in the petition that he did so intend and charge. It cannot fairly be claimed that the extraneous facts and colloquium necessary to give a slanderous meaning to the words complained of in the first paragraph of the petition, and which were not alleged therein, are supplied by the averments of the answer in regard to the difficulty that occurred between appellant and appellee over the buggy whip, for these averments of facts are not coupled with the charge that the whip was stolen by appellant. On the contrary, the answer contains an express denial of any such charge.

What we have said with reference to the words complained of in the first paragraph of the petition applies with equal force to so much of those set out in the second paragraph thereof as the answer admits were spoken by appellee. As previously stated, the words complained of in the second paragraph are, "The damned scoundrel was trying to steal from me, and did steal from me, and I am the man that whipped him." If, as alleged in the answer, appellee only said of appellant, "The damned scoundrel was trying to steal from me, and I am the man that whipped him," the words are not actionable. It is not clear whether the words import a charge that appellant was preparing or attempting to steal.

Neither the preparation nor attempt constitutes larceny, for to say of one that he was trying or attempting to steal does not constitute slander. Consequently, such words are not actionable. Russell v. Wilson, 7 B. Mon. 261; Wilson v. Tatum, 53 N. C. 300; Fanning v. Chace, 17 R. I. 388, 22 Atl. 275, 13 L. R. A. 134, 33 Am. St. Rep. 878.

If, however, appellee, as alleged in the second paragraph of the petition, said of appellant, "The damned scoundrel was trying to steal from me, and did steal from me," the words imputed to him the crime of larceny, and they are actionable per se. The answer denies that appellee spoke the words "and did steal from me." But for these words the petition would not state a cause of action. Appellee's denial of them put the burden of proof upon appellant. The attempted plea of justification contained in the answer is not good. The facts alleged only amounted to a plea in mitigation, as they are merely explanatory of the circumstances under which appellee was provoked to speak such part of the words complained of in the petition as he admits using, and, viewed as a whole, the facts alleged do not negative the idea; nor are they inconsistent with the theory that appellant took appellee's buggy whip by mistake believing it to be his own property.

Judgment affirmed.