## Wooten v. Martin.

(Decided November 25, 1910.)

### Appeal from Lyon Circuit Court.

1. Slander—Action for Damages—Allegations—Import of Words Charged.—In an action for damages for slander, plaintiff alleged that defendant falsely and maliciously spoke of her these words: "Mrs. Martin took those tickets, and it is not the first time she has done such things." Mrs. Martin was a milliner, and the defendant, a dry goods merchant in Kuttawa. The tickets referred to were to be voted in awarding a prize piano, valued at $400.00, and Mrs. Martin was collecting tickets for her sister. Held, that the words, "Mrs. Martin took those tickets," do not fairly convey the idea that she had stolen them, and the additional words: "It is not the first time she has done such things," add nothing to the sense. It was a charge of want of confidence, but not of a criminal offense. A charge of untruthfulness is not actionable. The words charged were not spoken of plaintiff as a milliner. They did not touch her as a milliner, but only touched her as an individual. The tickets had no relation to her business as a milliner.

2. Same—Indictable Offense—Words Importing Moral Turpitude.—The general rule is that any words which charge a person with an indictable offense which is punishable by infamous or corporal punishment or which involve moral turpitude, are actionable in themselves.

WHEELER & HUGHES for appellant.

NEWTON W. UTLEY and GREENE, VAN WINKLE & SCHOOLFIELD for appellee.

Opinion of the Court by Judge Hobson—Reversing.

Mrs. Julia Martin brought this suit against J. B. Wooten to recover damages for slander. She alleged

that she was a milliner in Kuttawa, and that he was a dry goods merchant; that he falsely and maliciously spoke of her these words: "Mrs. Martin took those tickets, and it is not the first time she has done such things." The defendant filed answer controverting the allegations of the petition; a trial was had resulting in a judgment against him for $500; and he appeals.

The first question arising in the case is, are the words actionable per se? In Lemons v. Wells, 78 Ky. 118, the court said:

The general rule, is that any words which charge a person with an indictable offense, which is punishable by an infamous or corporal punishment, or which involves moral turpitude are actionable in themselves. (See also McNamara v. Shannon 8 Bush, 558, Townsend on Slander, Sec. 153.)

It is insisted that the words are actionable because they imported a charge of larceny. In Clay v. Barkley, Sneed 67, the words were: "He killed and salted one of my hogs." It was held that the words were not actionable without special damages on the ground that they did not mean or imply that the hog was feloniously stolen. In Caldwell v. Abbey, Hardin 839, the words were: "That Abbey was a rogue and was guilty of having and concealing the goods of the defendant. It was held that the words did not import any theft or felony or other crime. In Porter v. Hughey, 2 Bibb. 232, the words were: "That Hughey's boys did frequently come to our house and hire our negroes, and take the dogs, and go down into the river bottom, and kill things no more theirs than ours." It was held that the words were not actionable, and they did not carry with them the imputation of a crime. In Brown v. Piner, 6 Bush 518, the words were: "Jesse Piner sheared Jack Austin's sheep and kept the wool." It was held that the charge did not import a criminal act, and that no recovery could be had. In Curtis v. Iseman, 137 Ky. 696, the words were: "I'll learn you how to steal a buggy whip." It was held that the words were not per se actionable. A contrary rule was not laid down in Jones v McDowell, 4 Bibb. 188. That case rests on the ground that the words there used obviously imported a charge of felony, and that the latter part of the words were without meaning unless this was intended. We do not see that this rule can be applied here. The words "Mrs. Martin took those tickets," do not fairly convey the idea that she had stolen

the tickets, and the additional words, "It is not the first time she had done such things" add nothing to the sense.

When we look to the evidence we reach the same conclusion. The facts are these: Wooten gave with every purchase of a certain amount a ticket. These tickets were to be voted in awarding a prize piano said to be worth $400, and Mrs. Martin was collecting tickets for her sister. Mrs. Chandler, a friend of hers, went to Wooten's store, and made a purchase which entitled her to two tickets. The clerk who waited on her said she put the tickets in the bundle. Mrs. Chandler took the bundle to Mrs. Martin to give her the tickets, but when they opened it they could not find them. Mrs. Chandler then went back to Wooten's store for the tickets. The clerk insisted that she had put them in the bundle. The proof for the plaintiff is to the effect that Wooten then asked Mrs. Chandler who untied the bundle; that she answered "Mrs. Martin;" and that he then used the words complained of. On the contrary, he testified he said: "I have to take somebody's word for it, I shall take Una's (the clerk). I have had trouble with Mrs. Martin before."

Whether he used the words charged by the plaintiff or those admitted by him, the sum of the matter is the same. He was unwilling to take Mrs. Martin's word rather than the clerk's. It was a charge of want of confidence, but not of a criminal offense. Mrs. Chandler had taken the bundle to Mrs. Martin, and they had opened it on their laps. If the tickets fell out on the floor or were overlooked by Mrs. Chandler, and Mrs. Martin got them from the floor or out of the bundle without Mrs. Chandler's knowledge, she committed no public offense. This was all the defendant said had occurred in any view of the evidence. Nobody was accusing Mrs. Martin of having stolen the two tickets. If it be true that the defendant said she had taken the tickets, he only said she had done what Mrs. Chandler intended her to do. It was only in effect a statement that he did not believe Mrs. Martin, or have confidence in her, and the words, "She has done such things before?" added nothing to it. A charge of untruthfulness is not actionable, and that is all the statement amounted to under the circumstances.

It remains to determine whether, no special damages being alleged or shown, the words were actionable per se because plaintiff is a milliner. The rule is that words which are not actionable when spoken of a person indi-

vidually are actionable per se when spoken of him in his calling or profession. (Townsend on Slander, Sec. 188.) But the rule is never applied unless the words touch the person in his calling or profession. In Townsend on Slander, Sec. 190, the rule is thus stated:

"It is not enough that the language tends to injure the person in his office, profession or trade, it must be spoken (published) of him in his official or business character. It must touch him in his office, profession or trade."

The words charged here were not spoken of the plaintiff as a milliner. They did not touch her as a milliner, but only touched her as an individual. The tickets had no relation to her business as a milliner. The great majority of persons have some calling or business and if such words were held actionable per se because plaintiff is a milliner, there would be a little left of the rule that words orally spoken unless charging an indictable offense, are not actionable without special damages.

On the evidence the court should have instructed the jury peremptorily to find for the defendant. While the instructions given by the court are not contained in the bill of exceptions, the bill of exceptions shows that the defendant moved the court to instruct the jury peremptorily to find for him, and that the court overruled the motion. This is sufficient to bring before the court the question we have considered.

Judgment reversed and cause remanded for further proceedings consistent herewith.