## Sengel v. Pierson.

(Decided November 16, 1917.)

### Appeal from Campbell Circuit Court.

1. Libel and Slander—Words Actionable—Statutes.—The words "she had no right to sell the piano. She knew it was mortgaged to us," are not slanderous per se; and as they do not import a crime or misdemeanor they are not actionable. To constitute the grave misdemeanor denounced by Kentucky Statutes, section 1358, the mortgage upon the property sold, concealed or disposed of, must be recorded, and the sale thereof by the mortgagor must be fraudulently made with the "intent to prevent the enforcement of the lien thereon, or the foreclosure of the mortgage, and sale of the property."

2. Libel and Slander—Pleading.—An averment of the petition that by the use of the words complained of the plaintiff "intended to thereby impute to the defendant the crime of fraudulently selling mortgaged property with the intent to prevent the mortgagee from exercising his lien and foreclosing his mortgage," cannot give to the words a meaning which they do not themselves convey.

3. Libel and Slander—Pleading—Innuendo.—While it is the office of the innuendo to explain the words spoken and annex to them their proper meaning, it may not introduce new matter or enlarge the meaning of the words; nor can it supply the place of a colloquium. If the words complained of in slander derive their slanderous import from extrinsic facts, the petition must aver these facts and connect them by a colloquium with the words charged. But where the words charged to have been spoken are unequivocal and convey a direct charge or imputation of crime, no colloquium is necessary. If no extraneous facts are alleged with respect to the words complained of in the petition which give to them a slanderous meaning, the mere admission by demurrer that they were spoken by appellee, gives them no meaning other than the words themselves convey.

WILLIAM F. CLARK for appellant.

FRANK V. BENTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming .

This is an appeal from a judgment of the Campbell circuit court sustaining a general demurrer to the appellant's petition and dismissing the action at her cost. The action was brought by the appellant, Nora Sengel, against the appellee, Joseph W. Pierson, seeking to recover of him damages for certain alleged slanderous words charged to have been falsely and maliciously spoken and published by him of and concerning her, in the presence of Louisa Stiddle and divers other persons.

The following are the alleged slanderous words complained of: "She had no right to sell the piano. She knew the piano was mortgaged to us"; it being alleged in the petition that by the use of these words the appellee meant to impute to the appellant "the crime of fraudulently selling mortgaged personal property, with the intent to prevent the mortgagee from exercising his lien and foreclosing his mortgage." The petition contains no allegation of special damages. Its prayer only asks judgment against the appellee for general damages in the sum of $1,000.00 and costs of the action.

The only question raised by the appeal is whether the petition states a cause of action. In other words, are the words confessed by the demurrer to have been used by appellee slanderous? Manifestly, the words are not *per se* actionable; they do not, of themselves, import a crime or misdemeanor. Kentucky Statutes, section 1358, provides:

"If any person shall fraudulently sell, conceal or dispose of any personal property on which there is at the time a mortgage of record, with intent to prevent the enforcement of the lien thereon, or the foreclosure of the mortgage and sale of the property, he shall be fined not less than ten nor more than one thousand dollars, or imprisoned not less than fifteen nor more than ninety days, or both so fined and imprisoned."

It will be observed that the grave misdemeanor defined by this statute consists in "fraudulently selling personal property, on which there is a mortgage of record, with the intent to prevent the enforcement of the lien thereon, or the foreclosure of the mortgage and sale of the property." The words complained of contain no statement or intimation that there was a mortgage *of record* on the piano charged to have been sold by the appellant, or that such sale was *fraudulently made with the intent to*

prevent the enforcement of the lien, or the foreclosure of the mortgage or sale of the property, consequently, they cannot be given the meaning attributed to them by appellant. They do not, therefore, impute to her the criminal offense denounced by the statute, *supra;* nor can the allegation of the petition that in speaking the words complained of, appellee intended to thereby impute to appellant the "crime of fraudulently selling mortgaged property with the intent to prevent the mortgagee from exercising his lien and foreclosing his mortgage," give to them a meaning which the words themselves do not convey. As said in Curtis v. Iseman, 137 Ky. 796:

"While it is the office of the innuendo to explain the words spoken and annex to them their proper meaning, it may not introduce new matter or enlarge the meaning of the words, nor can it supply the place of a colloquium. If the words complained of in slander derive their slanderous import from extrinsic facts, the petition must aver these facts and connect them by a colloquium with the words charged. But where the words charged to have been spoken are unequivocal and convey a direct charge or imputation of crime, no colloquium is necessary. No extraneous facts are alleged with respect to the words complained of in the first paragraph of the petition which give to them a slanderous meaning, and the mere admission of the answer that they were spoken by appellee gives them no meaning other than the words themselves convey. . . ."

The petition in the instant case alleged no extrinsic facts connected with the speaking of the words charged whereby they are or can be given any other meaning than the words convey; and, standing alone, they express no such meaning as make them actionable *per se.* Moore v. Jackson, 147 Ky. 584; Wooten v. Martin, 140 Ky. 781; Thorpe v. Nolan, 119 Ky. 870; Renaker v. Gregg, 147 Ky. 368.

Appellant may have done precisely what appellee charged her with doing without being guilty of any criminal offense involving moral turpitude, or that would subject her to legal punishment. As no reason is perceived for disagreeing with the conclusion reached by the circuit court, it follows that its ruling in sustaining the demurrer was not error.

Wherefore, the judgment is affirmed.