## York v. Mims.

(Decided February 26, 1918.)

## Appeal from Boyd Circuit Court.

1. **Libel and Slander—Words Imputing Crime.**—Words that clearly and unequivocally import that the person accused is guilty of a felony or other crime of such turpitude as to render him liable under indictment to some infamous punishment, are actionable per se. But words that, in their usual and ordinary meaning as commonly understood, do not clearly impute the commission of a punishable crime involving moral turpitude, are not actionable per se.

2. **Libel and Slander—Words Imputing Dishonesty or Unfitness.**— Words falsely and maliciously spoken, although not per se actionable, concerning the business, office or profession of another, if they impute dishonesty or unfitness or incompetency, may give a cause of action to recover special damages for an injury thereby caused the plaintiff in his business, trade or calling, but to make such words actionable the special damages must be pleaded and also the extrinsic facts and circumstances relied on to impart to them the qualities necessary to render them actionable.

3. **Libel and Slander—Words Not Actionable Per Se.**—The words, "Mr. Y. walked into my office and, without my permission, taken from my desk private papers containing a check for $55.00, my own private papers, and if he does not send them back to me I will take a warrant for him;" and, "Mr. Y. walked into my office and took from my private papers a certain check for $55.00, and walked out without saying a word to me about it and I consider it just as good as stealing it, and I do not want anything to do with such a man, as I have had dealings with him before and he is tricky," are not actionable per se.

4. **Libel and Slander—Words That Do Not Impute Crime.**—The above language contains no charge that Y. stole the check or any other property belonging to the appellee. They more reasonably impute a charge of trespass. They do not necessarily impute to Y. the taking of the check with a felonious intent, and the words, "I consider it just as good as stealing it," amounted to a mere expression of opinion on the part of the speaker that he might as well have stolen the check as to have taken it in the manner he did. The statement did not constitute a direct or unequivocal charge that the person accused was guilty of the crime of larceny. And the allegation of the petition that by their use the speaker intended to charge the person accused with the crime of larceny cannot enlarge the meaning of the words actually used, or give them a meaning that they do not themselves actually convey.

5.  Libel and Slander—Innuendo.—While it is the office, of the innuendo to explain the words spoken and annex to them their proper meaning, it may not introduce new matter or enlarge the meaning of the words.  Nor can it supply the place of a colloquium.  If the words complained of in slander derive their slanderous import from extrinsic facts the petition must aver these facts and connect them by a colloquium with the words charged.  But where the words charged to have been spoken are unequivocal and convey a direct charge or imputation of crime, no colloquium is necessary.

R. S. DINKLE and H. R. DYSARD for appellant.

GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

The question presented for decision by this appeal is, whether certain words alleged in the petition to have been maliciously and falsely spoken of the appellant by appellee are slanderous *per se* and, therefore, actionable. The words complained of, as set out in the petition, as amended, are contained in two paragraphs, the first being as follows:

"Mr. York walked into my office and, without my permission, taken from my desk private papers containing a check for $55.00, my own private papers, and if he does not send them back to me I will take a warrant for him."

The words of the second paragraph are as follows:

"Mr. York walked into my office and took from my private papers a certain check for $55.00, and walked out without saying a word to me about it, and I consider it just as good as stealing it, and I do not want anything to do with such a man, as I have had dealings with him before and he is tricky."

A general demurrer was interposed to the petition, as amended, which the circuit court sustained; and the appellant declining to plead further, judgment was entered dismissing the action, at his cost, from which judgment this appeal is prosecuted.

The petition does not allege that appellant was damaged by appellee's speaking of him the words charged, and, for this reason alone, it is insisted for appellee that the action of the lower court in the matter of sustaining the demurrer was authorized. But, waiving this defect

in the petition, we find it preferable to rest our decision of the case upon the surer ground that the words complained of are not slanderous *per se,* and consequently not actionable.  Words that clearly and unequivocally import that the person accused is guilty of a felony or other crime of such turpitude as to render him liable upon indictment to some infamous punishment are actionable *per se.*  But words that, in their usual and ordinary meaning, as commonly understood, do not clearly import the commission of a punishable crime involving moral turpitude, are not actionable *per se.*  It is likewise true that words falsely and maliciously spoken, although not *per se* actionable, concerning the business, office or profession of another, if they import dishonesty or unfitness or incompetency, may give a cause of action to recover special damages for an injury thereby caused the plaintiff in his business, trade or calling; but to make such words actionable the special damages must be pleaded and also the extrinsic facts and circumstances relied on to impart to them the qualities necessary to render them actionable.   Moore v. Johnson, 147 Ky. 585; Wooten v. Martin, 140 Ky. 781; Williams v. Riddle, 145 Ky. 459; Renaker v. Gregg, 147 Ky. 368; Curtis v. Iseman, 137 Ky. 796.

The language here complained of contains no charge that appellant stole the check or any other property belonging to the appellee.  He might have done all that he was charged by appellee with doing and yet not been guilty of the crime of larceny.  Indeed, the words more reasonably impute a charge of trespass.  For if appellant took the check, as charged, without appellee's permission, as the language used implies that it was taken in her presence, the taking was more akin to trespass than larceny.  In other words, the language does not reasonably or necessarily impute to the appellant the taking of the check with a felonious intent.  And the fact that she did not intend to charge him with the crime of larceny is indicated in that part of the language used which amounted to a threat that if he did not return the papers she would take out a warrant for him.  Nor does the further statement contained in the language complained of that she considered his action "as good as stealing the check," amount to a charge that he did steal it.  This language constituted a mere expression of opinion on her part to the effect that he

might as well have stolen the check as to have taken it in the manner he did, but was not a direct or unequivocal charge that appellant was guilty of the crime of larceny.

The averment of the petition following the setting out of the words complained of that by their use appellee falsely imputed to appellant the crime of larceny can give to the language no other meaning than the words themselves convey. As said in Curtis v. Iseman, 137 Ky. 796:

"While it is the office of the innuendo to explain the words spoken and annex to them their proper meaning, it may not introduce new matter or enlarge the meaning of the words, nor can it supply the place of colloquium. If the words complained of in slander derive their slanderous import from extrinsic facts, the petition must aver these facts and connect them by a colloquium with the words charged. But where the words charged to have been spoken are unequivocal and convey a direct charge or imputation of crime, no colloquium is necessary. No extraneous facts are alleged with respect to the words complained of in the first paragraph of the petition which give to them a slanderous meaning, and the mere admission of the answer that they were spoken by appellee, gives them no meaning other than the words themselves convey. . . ." Sengel v. Pierson, 177 Ky. 780.

In Curtis v. Iseman, *supra,* it was held that neither the preparation nor attempt to steal constitutes larceny; and to say that a person was trying or attempting to steal does not constitute slander, such words not being actionable *per se.* And if to say that a person was trying or attempting to steal does not constitute slander, it cannot constitute slander to say of a person that the taking of a check or papers under the circumstances charged by appellee in the instant case, was considered by her "as good as stealing it." Certainly the petition in the case before us alleges no extrinsic facts connected with the speaking of the words charged whereby they are, or can be, given any other meaning than the words employed convey; and, standing alone, they contain no such meaning as makes them actionable *per se.*

There is no error in the judgment appealed from, hence it is affirmed.