### Bishop v. Smith.

(Decided March 13, 1923.) .

## Appeal from Whitley Circuit Court.

1. Libel and Slander—Charge of Fornication, Incest, or Adultery Need Not be Made in Direct Terms.—By statute a charge of fornication, incest, or adultery is slanderous per se, and it is not essential that the charge be made in direct terms, but it is sufficient if the words used are such as to impute unchastity and were so understood by those who heard them.

2. Libel and Slander—Words Uttered Must Clearly Impute Charge Alleged.—To be slanderous per se, the words uttered must clearly and unequivocally import the charge alleged.

3. Libel and Slander—Words held not to Impute Charge of Unchastity. The statement that plaintiff would phone for the doctor to come to her house, take her baby to her mother's and go back and dress up for the doctor and pull the blinds down, and that the doctor spent most of his time at her house, does not, even when the words are considered in their strongest light, clearly and unequivocally import a charge of unchastity against plaintiff, and therefore are not slanderous per se.

4. Libel and Slander—Words Having Well Defined Meaning Cannot be Enlarged by Innuendo.—Where the alleged slanderous words have a well-defined meaning, they cannot be enlarged by innuendo.

R. L. POPE for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In an action for slander the following defamatory words were alleged: "Mrs. Bishop would come here and phone for Dr. Stonecifer to come to her house and go back home and take her baby to her mother's and go back and dress up for the doctor and pull the window blinds down."

A demurrer was sustained to the petition and an amendment was filed in which it was alleged that "the defendant was mad at the plaintiff and that she had frequently talked to different persons about her in a derogatory manner and in this conversation meant to charge and did charge that plaintiff was guilty of adultery and that it was so understood by her auditors." To the petition as thus amended a demurrer was sustained. In a second amendment it was alleged that in the same conversation set out in the petition, defendant said of and concerning plaintiff, "Dr. Stonecifer spends most of his time at Grace Bishop's and her husband, Bill Bishop, ought to know it." The demurrer was also sustained to the petition and both amendments, and plaintiff declining to plead further, her petition was dismissed.

By statute a charge of incest, fornication or adultery is slanderous *per se* in this state. Further, the tendency of modern decisions is to liberalize the strictness of the former rulings of the common law in reference to actions of this character.

"As a rule the words complained of are to be taken and understood in that sense which is most natural and obvious and according to the ideas they are calculated to convey to those they are addressed. It is not essential that the charge be made in direct terms but it is sufficient if the words used are such as to impute unchastity, adultery or fornication, and was so understood by those who heard them." 17 R. C. L., page 282. Still they must clearly and unequivocally import the charge alleged.

Appellant relies on the case of Martin v. White, 188 Ky. 153, in which the language was, "You often went to Dr. Duvall's office, pulled the blinds down and locked the door, and stayed for hours and got the medicine you went for. You are a bitch and I can prove it."

The court called attention to all of the various allegations and reached the conclusion that the natural,

obvious and unequivocal meaning of the language used clearly imputed guilty conduct, but was careful to show that it was following the established rule, in this regard saying:

"It is true that we have said in a number of cases in substance that the slanderous words must clearly and unequivocally import the particular accusation complained of—Moore v. Johnson, 147 Ky. 585; McNamara v. Shannon, 8 Bush 547; Tharp v. Nolan, 119 Ky. 870, and Wooten v. Martin, 140 Ky. 781—but that rule does not necessarily imply that if the entire language employed clearly imported according to its reasonable meaning the slanderous charge it would not be clearly and unequivocally made, though not made in terms. What is meant by the rule just referred to is that the charge must be couched in language so clear that the intention of the defendant is not reasonably susceptible of but one conclusion, which is a guilty one."

The words, "Mrs. Bishop would come here and phone for Dr. Stonecifer to come to her house and go back home and take her baby to her mother's and go back and dress up for the doctor and pull the blinds down," "Dr. Stonecifer spends most of his time at Grace Bishop's and her husband, Bill Bishop, ought to know it," do not necessarily or clearly import that the doctor came as requested; they do not state when the blinds were drawn or how long they remained so; while it may be inferred that it was while the doctor was there, it may mean that they were down while the plaintiff was changing her dress. For the doctor to stay at her home for hours was indiscreet, and for him to stay with the blinds down, under the circumstances alleged, might be highly improper, but all of this falls short of the offense named in the statute, nor do such words considered in their strongest light clearly and unequivocally import such offense.

In the first amendment the allegation was as to the defendant's frame of mind and as to the charge she intended to make and was understood to make, but the words alleged are such as have a well defined meaning, and cannot be enlarged by innuendo. Sturdevant v. Duke, 155 Ky. 101; Moore v. Johnson, 147 Ky. 584; York v. Mims, 179 Ky. 526; Sengel v. Pearson, 177 Ky. 780.

It is argued that it is a question of fact as to the meaning of the words and the effect they had upon their auditors; that both an innocent and slanderous meaning

could be attributed to them, and therefore it should have been submitted to the jury, and the following cases are cited: Beams v. Beams, 138 Ky. 818; Welch v. Eakle, 7 J. J. M. 424; Dedway v. Powell, 4 Bush 77; Winstead v. Trice, 5 Rep. 863.

In the first case complaint was made of the word "rob," in the Beams case the word "stole," and the same in Welch v. Eakle. In the Dedway case plaintiff was testifying as a witness and in reference to his answer the defendant said it was not so. It thus appears that in all of those cases the words themselves were susceptible of two definitions, one of which clearly imported a crime and the other of which was not slanderous. The distinction is that in this case the words themselves under all circumstances do not clearly import a criminal act, even when taken in their strongest light.

Judgment affirmed.