**Mrs. Betty WHITE, Appellant,**

v.

**LEVY BROTHERS, Inc., Appellee.**

Court of Appeals of Kentucky.

Nov. 1, 1957.

Harry S. McAlpin, Louisville, for appellant.

S. L. Greenebaum, Louisville, for appellee.

WADDILL, Commissioner.

Mrs. Betty White brought this action against Levy Brothers, a Corporation, to

recover damages for slander and for false imprisonment. She has appealed from a judgment based on a directed verdict for the defendant.

Mrs. White was employed as a clerk in the appellee's department store. On May 9, 1955, she purchased a Davy Crockett outfit for her son from appellee's store. The belt of the suit was too small, and on May 11, 1955, after she had reported for work, she went to the boys clothing department and exchanged the belt for a larger one. She placed the belt in her pocketbook and went to another department to commence her day's work. Later that day she was questioned about the incident by an official of the appellee company. When it was determined that Mrs. White had merely exchanged one belt for another, she was asked to forget the matter and to return to her duties. However, she quit her job and filed this action.

■ The complaint charged that Mrs. White was falsely accused by an official of the appellee company of having stolen the belt in question. To sustain this allegation of slander, appellant relies upon: (1) A remark made by an official of the company to the manager of the store that Mrs. White should not be given a receipt for the belt; and, (2) the fact that an official of the company had asked Margie Irvin, another employee of the store, if she would sign a statement that Mrs. White had stolen the belt from the store. Neither the remark of the official of the company nor the questioning of Margie Irvin supports the charge of slander alleged by the complaint. Since the evidence fails to show that any words were spoken by an official of the company which imported a criminal act on the part of Mrs. White, the court correctly directed a verdict for appellee on this phase of the case. Bishop v. Smith, 198 Ky. 230, 248 S.W. 538; Wooten v. Martin, 140 Ky. 781, 131 S.W. 783.

■ The complaint also seeks damages on grounds that Mrs. White was falsely imprisoned by the officials of the appellee company. However, the proof does not substantiate this accusation. The evidence does show that an official of the company interrogated Mrs. White about the belt and asked her to exhibit the contents of her purse. Apparently, Mrs. White voluntarily complied with this request, because her testimony does not show that she was forced or required to open her purse. Nor is there any evidence that Mrs. White was coerced in any manner during the time she was questioned by the officials of the company. Her statement that she was "afraid she was going to be arrested" and that she had been "ordered" into the office of her superior is of no particular significance because she also testified she told the officials of the company that "she did not have to sit there and listen to them accuse her." Her lack of real apprehension is demonstrated by the fact that she left the office where she was being questioned when she wanted to, informed the store officials she was quitting and took the Davy Crockett belt with her when she left the store. Her testimony, when fairly construed, shows she consented to the interrogation.

■ Submission to the mere verbal direction of an employer, unaccompanied by force or threats, does not constitute false imprisonment. And there is no false imprisonment when an employer declines to terminate an interview of his employee if no force or threat of force is used. False imprisonment may not be predicated on a person's unfounded belief that he was restrained. See, 35 C.J.S. False Imprisonment § 11. We conclude therefore that Mrs. White has failed to prove the essential elements of the alleged tort. 22 Am.Juris., False Imprisonment, Section 4.

Judgment affirmed.