Vance v. Louisville Courier-Journal Co.

CASE 9—PETITION ORDINARY—OCTOBER 21.

95    41
99   421
95    41
e113  650

# Vance v. Louisville Courier-Journal Co.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. LIBEL.—ANIMADVERSION UPON THE CONDUCT OF A PUBLIC OFFICER, however severe, is not libelous if it be confined within the limits of fair and reasonable criticism and based on facts.

In this action to recover damages for a newspaper publication criticising the plaintiff's conduct as election supervisor, the court properly instructed the jury "that if they believed the statements contained in the publication were substantially true as published, or were reasonable and fair criticisms of the acts and conduct of the plaintiff as supervisor, and were made in good faith without malice, then they should find for the defendant."

2. SAME.—The jury were the judges of the reasonableness of the grounds upon which the newspaper charges were based. And the evidence was sufficient to authorize the jury to find that there were reasonable grounds upon which to base the charge, in the publication complained of, that plaintiff, a Republican supervisor, had in every way interfered with the polling of Democratic votes, and that he would be arrested on the charge of bribery.

3. SAME.—As plaintiff, as supervisor, upon seeing persons go in and out of a room with his opposing workers, interfered with the freedom of their action upon the belief that it was evidence of bribery, he can not complain if his activity exercised in the same manner be taken as evidence of the same offense.

W. W. THUM FOR APPELLANT.

1. The publication complained of is plain and unambiguous in its terms; therefore the question as to whether the charge is bribery or not is a matter for the court and not for the jury to determine. (2 Thompson

on Trials, sec. 2029, ed. 1889; Townsend on Slander and Libel, pp. 502-4, ed. 1890; Odgers on Slander and Libel, chap. 3.)

2. The publications complained of make several charges of crime which are crimes under the laws of the United States (U. S. Rev. Stat., secs. 5506-7, 5015, 5016) and also under the laws of the State of Kentucky.

3. Plaintiff was entitled to have the court instruct the jury that although the defendant may have published the charges upon the information of others, such information was not a justification unless the charges were really true. (Odgers, star pages 174, 539; *Idem*, chap. 6, pp. 161, 168; R. v. Newman, 1 E. & B., 268, 558; 3 C. & K., 252; 22 L. J. Q. B., 156; 17 Jur., 617; Townsend on Slander and Libel, secs. 113, 115, 116, 202, 210, 211.)

4. Both individuals and newspapers may criticise freely the acts, utterances and character of public officers, but neither newspapers nor individuals have the right to charge a public officer with crime. Such a charge carries with it the presumption of malice. (White v. Nichols, 3 How., 226; Weathersby v. Hawkins, 1 T. R., 110; Child v. Apleck, 9 B. & C., 406; Johnson v. Evans, 3 E. S., 32; Commonwealth v. Clap, 4 Mass., 169; Bodwell v. Osgood, 3 Pick., 379; Hamilton v. Eno, 81 N. Y., 116; Jones, Varnum & Co. v. Towsen's Adm'r, 21 Fla., 435; Davidson v. Duncan, 7 E. & B., 229; Shekel v. Jackson, 10 Cush., 25; Sweeny v. Baker, 13 W. Va., 182; 57 Wis., 570; 58 Me., 295; 42 N. H., 137; Davidson v. Duncan, 7 E. & B., 231; Wieman v. McBee, 45 Mich., 484; King v. Patterson, 9 Atl. Rep., 705; Mallory v. Pioneer Press Co., 34 Minn., 521; Aldrich v. The Press Printing Co., 9 Minn., 933; Sweeny v. Baker, 13 W. Va., 158; Banner Pub. Co. v. State, 16 La., 184; Edwards v. The Kansas City Times Co., 32 Fed. Rep.; Chaffin v. Lynch, 6 S. E., 474; Robbins v. Treadway, 2 J. J. Mar.; Harwood v. Astley, 1 Bos. & P., 47; Riley v. Lee, &c., 88 Ky., 603.)

P. B. MUIR OF COUNSEL ON SAME SIDE.

F. HAGAN FOR APPELLEE.

1. The jury were instructed that if they believed from the evidence the publication was substantially true they ought to find for the defendant. This instruction left the truth of the matter complained of to the jury, as the law directs, and they found they were true. It is evident from all the proof the jury decided the case correctly.

2. But if the evidence in the case did not justify the publication, yet it is fully protected under the law of Privileged Communication. (Folkard's Starkie, 246, 688, 678, 272; Newell, 389, 391, 568, 567; Schott, 429; Patterson, 55, 75; 19 St. Tr., 1070; Hedley v. Barlow, 4 F. & F., 230; Nason v. Walter, L. R. 4 Q. B.; Miner v. Post-Tribune, 9 Mich., 359; Gott v. Pulsifer, 122 Mass., 235; 9 Phil., 594; 3 F. & F., 372; 6 M. & W., 107; Scripps v. Foster, 41 Mich., 743; Palmer v. Concord, 48 N. H., 211; Hegley v. Farrow, 60 Md., 177; Marks v. Baker,

Vance v. Louisville Courier-Journal Co.

:28 Minn., 162; Kinyon v. Palmer, 18 Iowa, 377; Mott v. Dawson, 46 ,
Iowa, 533; Crane v. Waters, 10 Fed. Rep., 619; Harle v. Catherall,
14 L. J. (N. S.), 801; Hagerman, 227, 229, 242; 2 Stephens, 376;
Rowland v. DeCamp, 96 Pa. St., 493; Minor v. Detroit Post, 49
Mich., 358; Campbell v. Spotswood, 32 L. R. Q. B., 185.)

.JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

This was an action for libel, instituted by the appellant
against the appellee by reason of the following publica-
tions appearing in the appellee's newspaper, the Courier-
Journal, of date November 3, 1886:

"Wantonly Exceeding their Province.  Burton Vance,
a defeated Republican candidate, was at the first pre-
cinct of the seventh ward as a supervisor of election.
In defiance of the law he interfered in every way with
the polling of Democratic votes, challenging the voters,
insisting on naturalized citizens showing their papers, and
otherwise retarding the election and intimidating the
voters.  He will be arrested this morning for violating
his oath of office."

Also the following: "Officious Supervisors.  Isaac
Forst was arrested at the first precinct of the seventh
ward on the affidavit of Burton Vance.  This young man
Vance has made himself very officious.  Although a
supervisor, and therefore forbidden to do any electioneer-
ing, he worked constantly for Wilson and constantly
interfered with peaceable Democrats who wished to cast
their ballots.  He was seen to take several colored men
aside and then vote them.  He himself will be arrested
this morning on the charge of bribery."

The appellee admitted the publications, and pleaded
that the charges made therein were true, that the language
was a fair and reasonable criticism upon the conduct of a
public officer, and also pleaded facts in mitigation.  After

hearing the testimony the jury found a verdict for the defendant company. The appellant's counsel assign some twenty-nine errors in their motion and grounds for a new trial, all of which, however, are fully embraced in the alleged error of the court in giving and refusing instructions to the jury.

Without considering in detail the facts shown in proof upon which the finding of the jury may be supported, we advert to it as showing the proper application of the law to the facts of the case. Vance, who was a lawyer and an intimate friend of one of the candidates for Congress, had been appointed an assistant supervisor under the provisions of the Federal election law. At midnight before the morning of the election he met two Hazen detectives from Cincinnati, Ohio, made a map, a rough sketch of the streets of the city for them, and agreed with them on certain signs by which he would furnish the names of voters whom the detectives had reason to believe had been bribed. The candidate at whose instance the detectives came from Cincinnati was present when these plans were matured, and, according to the testimony of the appellant, gave positive instructions to make their arrests *irrespective of party*. On the day of the election Vance was active both inside and outside the room where the votes were being taken. He offered Wilson ballots to persons approaching to vote, before they had expressed any preference or indicated that they wanted such a ticket; he challenged voters known to be entitled to vote, and thus delayed and interfered with the election; he was seen to take voters aside and into a room a short distance away and talk with them secretly, who, when they came back, voted for Wilson. He consulted frequently with

the strangers—the detectives. He arrested Forst, and ordered Bills out of the precinct. He testifies " that he saw a number of persons going into a bar-room kept back behind the polling-place by James P. Whallen and a number of voters going therein and that he stopped it, as he *believed* that some voters were bribed from the way in which they came out and voted."

The proof is that he browbeat and bullied the Democratic workers and voters and threatened to arrest them. The Republican worker and voter was unmolested. The Democratic supervisor was appealed to. W. B. Haldeman, one of the officers of the defendant company, and who was on the ground in company with Bills, who expressed a determination to make the necessary affidavits, then sought the chief supervisor of the election for the purpose of having Vance arrested. After a fruitless search for him they postponed action until the following morning, at which time, however, the fight being over, the intention was abandoned. This is a brief synopsis of the testimony introduced by the defendant to show the truth of the publications and to establish that the comments complained of were fair and reasonable criticisms upon the official conduct of the appellant.

We may say in this connection that the appellant proved by a number of witnesses that his conduct was in no way reprehensible or officious, and that he performed his duties impartially. The point of our inquiry is, however, was there proof in behalf of the defendant and in support of the pleas tendered by it to authorize the verdict of the jury. The court instructed the jury to award the plaintiff damages if they believed the publications were false and made maliciously, and malice was to be inferred

Vance v. Louisville Courier-Journal Co.

or presumed from the falsity of the publications, but that if they believed the statements contained in the publications were substantially true as published, or were reasonable and fair criticisms of the acts and conduct of the plaintiff as supervisor, and were made in good faith without malice, then they should find for the defendant. Proper instructions on the duties required of the supervisor were also given. We are of opinion that these instructions were substantially correct. The jury were the judges of the truth of the matters put in issue, and they were the judges of the reasonableness of the grounds upon which the newspaper charges were based. Animadversion upon the conduct of a public officer, however severe, is not libelous if it be confined within the limits of fair and reasonable criticism and based on facts.

It may be thought that the imputation of bribery contained in the printed matter was not supported in fact, but it will be observed that the supervisor upon seeing persons go in and out of a room with his opposing workers interfered with the freedom of their action upon the belief that it was evidence of bribery. Therefore he can not complain if his activity exercised in the same manner be taken as evidence of the same offense.

Judgment affirmed.