## Holt v. Ashby.

(Decided November 19, 1912.)

### Appeal from Spencer Circuit Court.

1. Slander—Words Actionable Per Se—Must Import Crime.—The statement, "Mrs. Susan Holt raised this note," is not actionable per se. The words used make no absolute charge. The note might have been raised innocently and the words used may have conveyed that idea.

2. Slander—Words Actionable Per Se.—Words not actionable per se cannot be made so by innuendo.

S. K. BAIRD for appellant.

WILLIS, TODD & BOND for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant filed the following petition in the lower court:

"The plaintiff, Susan Holt, states that on or about August 20, 1910, she sold to one W. R. Simpson certain personal property, in part payment for which he executed his note to this plaintiff for $45.00, due four months and five days after date, with James B. Ashby the defendant herein as surety. She states that thereafter, to-wit, on August 22, 1910, the said James B. Ashby paid off the said note in full and she assigned same to him. She states that on or about December 25, 1910, the said defendant, James B. Ashby, exhibited the said note

above described to various and divers persons and that at that time there was on said note an interlineation and alteration making the note read $47.50 instead of $45.00.

"She states that the said defendant, James B. Ashby, at the time he exhibited this note containing this interlineation and alteration to these various and divers persons, falsely and maliciously in the presence and hearing of these many persons spoke of and concerning this plaintiff these words, 'Mrs. Susan Holt raised this note,' thereby meaning that plaintiff had committed the crime of forgery by raising the said note from its proper amount, $45.00, to $47.50. She states that the said allegation made by the defendant of and concerning plaintiff to the effect that she had raised the said note was made in Spencer County, Ky. She states that the said allegation was false; she states that she had not raised the said note and had not written the interlineation and alteration that appeared on the said note and that defendant knew when he spoke said words herein above complained of that this plaintiff had not raised the said note and had not written on the said note the interlineation or alteration. But she states that the said defendant spoke said words wilfully, falsely and maliciously to plaintiff's damage in the sum of $5,000.00 She states that the defendant, James B. Ashby, is a resident of Spencer County, Ky."

A demurrer was sustained to this petition and Mrs. Holt appeals. She claims that the words, "Mrs. Susan Holt raised this note," when taken with the inducement, charge her with a crime. She alleged no special damages by reason of the publication of the words, therefore, the existence of a cause of action depends entirely upon whether or not the words spoken are actionable per se. In the case of Moore v. Johnson, 147 Ky., 584, the court said:

"Language is only actionable per se when it clearly and unequivocally imports that the person accused is guilty of some felony or other crime of such turpitude as to render him liable upon indictment to some infamous punishment."

And three cases are cited as supporting this rule. How the words used in this case could clearly and unequivocally import that Mrs. Holt was guilty of a crime, we are unable to see. They make no absolute charge

against her; they do not charge that the note was wrongfully raised or raised without authority. It might have been raised innocently and the words used by appellee might have conveyed that idea to the persons who heard him speak them. See also the case of Renaker v. Gregg, 147 Ky., 368. Words not actionable per se cannot be made so by innuendoes. This question was considered in the case last cited and in Barr v. Gaines, 3 Dana, 258; McNamara v. Shannon, 8 Bush, 557, and Curtis v. Iseman, 137 Ky., 796.

Appellant presents several authorities which she claims supports the theory that the words used were actionable per se. One of them is Jones v. McDowell, 4 Bibb, 188. In that case it was charged that Jones said he saw McDowell take corn out of Aaron Rainy's crib twice and looked around to see if any one saw him measuring it. The court determined that the allegation that McDowell said he saw him take corn out of the crib twice did not state a cause of action as the taking might have been permitted and not wrongful, but when the words, "that McDowell looked around to see if any body saw him measuring it," were added no doubt was left as to their meaning and that they charged a crime. To state that Mrs. Holt raised the note did not necessarily charge her with a crime. If it had been further stated that she did it without authority or that she did it to force appellee, the surety, to pay more on the note than he owed, or if some language had been used which showed that Mrs. Holt wrongfully raised the note, the case would have been different.

For these reasons, the judgment of the lower court is affirmed.