## Plummer v. Commercial Tribune Publishing Company, Incorporated.

(Decided March 27, 1925.)

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. **Libel and Slander—Innuendo Cannot Extend, Add to, or Change Meaning of Words Beyond their Natural Import.**—An innuendo cannot extend, add to, or change meaning of words beyond their natural import, but can only serve to explain some matter already expressed.

2. **Libel and Slander—Newspapers Not Held to Exact Facts, and Truth Constitutes Complete Defense, though Publication Inspired by Malice.**—Newspapers are not to be held to exact facts, but law merely requires that publication shall be substantially true, and truth constitutes complete defense, though publication be inspired by malice or ill will or, if false, would be libelous per se.

3. **Libel and Slander—Newspaper Article Held Not Libelous Because Stating that Attorney Breaching Agreement Received Fee of $123.00, Whereas Actual Amount was $10.00.**—Where newspaper article stated that attorney was sued by client for $123.00, which client had paid attorney, who had failed to fulfill his agreement except that fee paid was only $10.00, it did not constitute a libel.

LESLIE T. APPLEGATE and J. E. PLUMMER and R. J. DICKERSON for appellant.

S. D. ROUSE and POGUE, HOFFHEIMER & POGUE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

By this action in the Kenton circuit court appellant, Plummer, sought to recover damages of the appellee, publishing company, for libel resulting from a publication in the Commercial Tribune, a daily newspaper owned and published by it in Cincinnati, and circulated in Kenton and other counties in Kentucky, of the following news item:

### "SUES LAWYER—WINS.

"A suit in which an attorney was the defendant attracted a crowd of spectators yesterday to Judge John B. Read's court room. The case was that of Mrs. Rose Globe, Ninth and Scott streets, against

J. E. Plummer, attorney. Mrs. Globe sought to recover $123.00, which she declared she had paid the defendant for looking after legal matters for her. She declared he failed to fulfill his agreement. The jury returned a verdict in favor of Mrs. Globe for $123.00. Plummer acted as his own attorney, while attorney John T. Murphy represented Mrs. Globe.''

In the petition it is averred: ''Plaintiff says that by reason of the printing and publication and circulation of as aforesaid, the false and libelous words set out herein, he suffered great anxiety and suffering of mind. His feelings were injured and hurt and his business was injured and he was thereat and thereby greatly humiliated and mortified and his reputation irreparably damaged, in all to his great injury and damage in the sum of $100,000.-00.''

The publishing company filed answer denying that the words complained of in the petition were either in whole or in part malicious or false or libelous, and denied that the words, or any of them, meant or were intended to mean or to charge that appellant, Plummer, had converted to his own use the sum of $123.00, or any sum, and denied that plaintiff was damaged by the words used in the news item, and further denied that he suffered anxiety or that his feelings were injured or that he was humiliated or that he was mortified.

The second paragraph of the answer averred that Rose Globe, as plaintiff, had instituted an action in the Kenton quarterly court against appellant, Plummer, charging that Pummer, as attorney for her, was negligent and careless in the handling of the proceedings in court in which she was plaintiff and prayed and sought to recover damages of appellant, Plummer, in the sum of $160.00, which included an attorney fee paid by her to him. It pleaded all the facts in relation to the institution of that action, its trial and conclusion stating that of the $160.00 claimed by Mrs. Rose Globe, $10.00 of it was for the fee paid to appellant, Plummer, and the balance for damages for negligence of Plummer, as attorney in the preparation and presentation of the court proceedings in which he had been employed by Rose Globe, and that Rose Globe had, on this account, recovered judgment for $123.00 against appellant, Plummer.

The third paragraph of the answer pleaded that the publishing company, through its representative, had re-

ceived· information of the trial of the case of Globe against appellant, Plummer, in the Kenton quarterly court, and was further informed of the verdict and recovery of the $123.00, a part of which was for attorney fee paid by Globe to Plummer; that the basis of the quarterly court suit was for failure of appellant, Plummer, to fulfill his contract as attorney to represent Globe in the proceedings in the quarterly court mentioned, and it further pleaded that it believed and relied upon the information so received and published as true, using it as a news item in good faith and without malice.

The fourth paragraph of the answer averred that .appellant had not asked a retraction of the statement contained in the news item of which appellant now complains, but that the publishing company had made retraction and printed the retraction in as conspicuous place in the Commercial Tribune, the same newspaper. as was occupied by the original article, and it set forth in the pleading the explanation which it printed as a retraction.

By reply appellant, Plummer, admitted that prior to the publication of the article which is the basis of the present action, Rose Globe had instituted an action against appellant in Kenton quarterly court wherein she sought to recover damages against the appellant for negligence and want of skill in the conduct and trial of her case as her attorney, and that she alleged she was damaged in the sum of $160.00, and admitted that it is the same suit referred to by the defendant in its answer. ·Appellant denied that in the quarterly court case there was any allegation in the cause of action stated or attempted to be stated to show that Rose Globe had paid plaintiff $123.00 as attorney fees, wrongfully received by appellant.

The second paragraph of the reply contained a traverse of the averments of the second paragraph· of the answer in part, and averred that the defendant, publishing company, could have discovered by a casual examination of the record in the quarterly court case that Rose Globe had made no charge or allegation that she had paid appellant $123.00 as attorney fees; and further averred that defendant, publishing company, had published and circulated the article complained of maliciously and recklessly, without exercising any care to ascertain the truth of the article and without looking at the record.

The third paragraph of the reply denied that the defendant company was informed of the trial and verdict in the cause in the Kenton quarterly court set forth in paragraph two of the answer, and denied that the defendant was further or at all informed that said verdict was for a recovery, among other things, of counsel fees paid by Rose Globe to the plaintiff herein and by him retained, and denied that defendant was then or at all informed that said Rose Globe sought to recover $123.00 theretofore paid to plaintiff as fees as an attorney at law, and denied that defendant believed and relied upon the information so received as true.

Rejoinder was filed, as was also a surrejoinder. A general demurrer was interposed to the second and third paragraphs of defendant's answer but overruled. The defendant company then filed a general demurrer to the first and second paragraphs of appellant's reply. Upon hearing this demurrer was sustained and appellant declining to further plead his petition was dismissed, and he appeals.

Appellant, Plummer, insists that in an action for libel where the answer admits publication and does not plead its truth, but pleads only mitigating facts, the court cannot determine as a matter of law that the facts pleaded are an exoneration from all liability but should submit the questions to a jury by proper instructions. In other words, it is insisted by appellant that although the pleadings admit that Rose Globe sued appellant to recover judgment against him for $123.00, of which sum $10.00 was for money paid by her to appellant as attorney fees in litigation in which she was involved, and in which appellant undertook to represent her as attorney but failed and neglected to do so, yet he might have recovery for libel if he could sustain the averments of his petition and reply to the effect that Rose Globe had sued appellant for exactly the same thing except the amount of the attorney fee was only $10.00 and not $123.00, as stated in the news item, and had recovered of appellant the sum of $123.00, a part of which had been paid by her to appellant as attorney fees in the litigation in which she had employed him as attorney to represent her. As we understand it, the facts set forth in the news item published in the Commercial Tribune are in substance correct, except that it is stated the amount of the attorney fees paid by Rose Globe to appellant, Plummer, and recovered in the quarterly court case was $123.00,

when in truth and in fact it was only $10.00, it being appellant's contention that even though the pleadings admitted the correctness of the news item as published in all other particulars, he may yet have a recovery for the exaggeration of the amount of the fee.

Certainly this state of the record presents a very pretty as well as novel legal question, but we must confess that we are unable to distinguish between the libelous effect of a statement, if false, that an attorney has received a $10.00 fee from a client and neglected to perform his undertaking by representing his client, and a case where an attorney received a fee of $123.00 and fails to perform his duty, thereby entitling his client to recover of him in a court of justice the amount of the fee paid. While the trial court delivered no opinion in support of its ruling sustaining the demurrer to the first and second paragraphs of the reply, we can but think that it based its judgment upon the idea that there is no difference in legal effect between a libelous statement which imputes to an attorney at law the wrongful acceptance and retention of a fee of $10.00 to represent a client and the wrongful acceptance and retention of a fee of $123.00 in the same way. It appears to us that the actual as well as the legal effect is one and the same. The amount of the fee alleged to have been wrongfully retained could not have appreciably affected the result. To say that one has wrongfully appropriated $10.00 would be as damaging to his reputation and business as to say he had wrongfully appropriated $123.00. The deleterious effect would be no greater upon an attorney who had wrongfully accepted and retained a fee of $123.00 and one who had in like manner taken and retained a fee of $10.00.

The only part of the news item of which there could be complaint by appellant is that reading, ''Mrs. Globe sought to recover $123.00 which she declared she had paid the defendant for looking after legal matters for her. She declared he had failed to fulfill his agreement. The jury returned a verdict in favor of Mrs. Globe for $123.00.''

This language imports that appellant, Plummer, in his professional capacity collected a fee from Mrs. Globe in advance and failed to faithfully fulfill his contract of employment by representing Mrs. Globe, his client, by which she was damaged in the amount of the fee paid. Just in what particular Mrs. Globe charged that appellant, Plummer, had failed to fulfill his agrement is not

set forth in the article published in the newspaper. The news item of which complaint is made when first read appears quite harmless. No comment is made upon the facts stated in it nor any conclusions drawn. The rule with respect to the construction of libelous language is stated in 25 Cyc. 355 in these words:

"Words are to be taken in their plain and natural meaning, and to be understood by courts and juries as other people would understand them, and according to the sense in which they appear to have been used and the ideas they are adopted to convey to those who heard or read them."

To the same effect is the opinion in the case of Mc-Gowan v. Menifee, 7 T. B. Monroe 314, where we said:

"Words are to be taken, neither in the milder nor in the more grievous sense, but in that sense in which they would be understood by those who heard them; the judge ought not to torture them into a charge of guilt, nor explain them into innocence, contrary to their obvious import."

No principle is better settled than an innuendo cannot extend the meaning of words beyond their natural import; it can only serve to explain some matter already expressed. Its office is to show the application but it cannot add to nor enlarge nor change the sense of words. Feast v. Auer, 28 Rep. 794; Spears v. McCoy, 155 Ky. 1; Hall v. Huffman, 159 Ky. 72; Sengel v. Pierson, 177 Ky. 780; York v. Mims, 179 Ky. 525; Holt v. Ashby, 150 Ky. 612.

Another rule quite as well fixed as the one above stated is that newspapers are not to be held to the exact facts nor to the most minute details of the transaction they publish. What the law requires is that the publication shall be substantially true. The truth in such case constitutes a complete defense, although the publication be inspired by malice or ill-will, or, if false, would be libelous *per se*. State Journal v. Redding, 175 Ky. 388; Cooley on Torts, 3rd edition 416; Malone v. Carice, 16 R. 155; Rollins v. Louisville Times Company, 139 Ky. 788; Courier-Journal v. Phillips, 142 Ky. 372; Herald Publishing Company v. Feltner, 158 Ky. 35.

It is evident from what has been said that the news item which forms the basis of this litigation was substantially correct in all particulars except the amount of

the fee paid to appellant, Plummer, and this we regard as wholly inconsequential, for if it is not libelous to say of an attorney that he has wrongfully collected and converted a fee of $10.00, as appellant for the purpose of demurrer admits in this case, it could not be libelous to charge that he had wrongfully converted a fee of $123.00. The amount of the fee can neither add to nor detract from the libelous nature of the charge unless it be that the less the fee the more libelous and damaging will be its effects.

Finding no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.