The judgment is reversed, and the cause remanded.

## PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**CARTER PUBLICATIONS, Inc., v. FLEMING.**

**No. 9515.**

Court of Civil Appeals of Texas. San Antonio.

Feb. 13, 1935.

Rehearing Denied March 13, 1935.

Samuels, Foster, Brown & McGee, of Fort Worth, and J. B. Randolph, of Junction, for appellant.

Stevenson, Baker & Knetsch and M. E. Blackburn, all of Junction, for appellee.

MURRAY, Justice.

Appellee, Ollie Fleming, instituted this suit against appellant, Carter Publications, Inc., and another, seeking to recover damages alleged to have been sustained by him as a result of the publication of the following article in the Fort Worth Star-Telegram:

"Accident Pleaded in Wife Slaying.

"Fredericksburg, Feb. 25—Accidental death resulting from a shot of a 38-caliber pistol over which he and she were scuffling was the version of the fatal shooting at Junction of Mrs. Anna Fleming on Dec. 18, 1924, given from the witness stand by Homer Fleming, on trial here for murder.

"An argument over a hound with his estranged wife and a subsequent disagreement with his father about some land preceded the fatal shooting, Fleming testified Wednesday.

" 'I came to take my child away the next morning and my father advanced upon me with a knife. I fired over his head to scare him. My wife picked up an auger and began hitting me over the head and in the scuffle she pulled down the pistol and the shot entered her shoulder.'

"Fleming also testified that his father was a man of violent temper and had killed his own brother with a knife. Ollie Fleming, father of the accused, will not testify at this trial, having been convicted of perjury in a previous trial at Llano."

The particular part of this article complained of is the last sentence of the concluding paragraph, which reads: "Ollie Fleming, father of the accused, will not testify in this trial, having been convicted of perjury in a previous trial at Llano."

The case was tried to a jury and resulted in a judgment for appellee against Carter Publications, Inc., in the sum of $500, from which judgment the publishing company has appealed.

No recovery was had against Amon G. Carter, the other defendant below, and he is not a party to this appeal.

Appellant's first contention is that the trial judge erred in not sustaining the general demurrer directed to appellee's petition upon the theory that this article was not published of and concerning appellee. This contention is based upon the fact that the petition shows on its face that Ollie Fleming is not the father, but a brother, of Homer Fleming, that the article was of and concerning the father of Homer Fleming, that it used the name Ollie when Oliver was intended, and that article was not of and concerning Ollie Fleming. This article is subject to two constructions. The first is that Ollie Fleming, who is by mistake described as the father of Homer Fleming, had been convicted of perjury. The second is that the father of Homer Fleming, who is by mistake called Ollie Fleming, had been convicted of perjury. Therefore, the question as to whom this article concerns is one of fact for the jury, and cannot be decided as a matter of law. The trial court did not commit error in overruling the general demurrer.

As this case must be reversed upon appellant's twelfth and thirteenth propositions, and as the other matters complained of herein will probaby not arise upon another trial, we will discuss only the twelfth and thirteenth propositions. The twelfth proposition complains of remarks made by counsel for appellee in his closing argument to the jury, wherein he stated, in effect, that the Star-Telegram, the paper published by appellant, had declined to retract this article and admit its mistake after it had discovered that the article was untrue. Counsel also stated, in effect, that, if the article was intended to refer either to the brother, Ollie or the father, Oliver, it was untrue, or, in other words, that neither the brother nor the father had been convicted of perjury. There was no evidence in the record to support either one of these statements, and certainly the statement that the paper had refused to publish a retraction after the discovery of its mistake was inflammatory and harmful. Counsel for appellant objected to the remarks at the time. It is true that he did not interrupt the speaker, but made his objection to the court in a low voice that was not heard by the speaker, and gave him no notice that an objection was being taken. Counsel did not ask the court to instruct the jury not to consider the remarks. However, in view of the provisions of district court rules Nos. 39 and 41, the objection was sufficient.

The provisions of these two rules are as follows:

"39. Arguments on the facts should be addressed to the jury, when one is impaneled in a case that is being tried, under the supervision of the court. Counsel shall be required to confine the argument strictly to the evidence and to the arguments of opposing counsel. Mere personal criticism by counsel upon each other shall be avoided, and, when indulged in, shall be promptly corrected as a contempt of court."

"41. The court will not be required to wait for objections to be made when the rules as to arguments are violated; but should they not be noticed and corrected by the court, opposing counsel may ask leave of the court to rise and present his point of objection. But the court shall protect counsel from any unnecessary interruption made on frivolous and unimportant grounds."

These statements made by counsel for appellee in his closing argument, which could not be replied to by counsel for appellant, were not based on the evidence, but were entirely out of the record, and the court's failure to instruct the jury not to consider them constitutes reversible error. The court, under the provisions of rule 41, should have taken steps to suppress this improper argument, and should certainly have done so when opposing counsel informed him that he was objecting and excepting to the argument. Robbins v. Wynne (Tex. Com. App.) 44 S.W.(2d) 946; Fidelity Union Casualty Co. v. Cary (Tex. Com. App.) 25 S.W.(2d) 302; City of Dallas v. Firestone Fire & Rubber Co. (Tex. Civ. App.) 66 S.W.(2d) 729; McClintic v. Young (Tex. Com. App.) 66 S.W.(2d) 676; Hunstock v. Roberts (Tex. Civ. App.) 65 S. W. 675.

In Texas Indemnity Co. v. McCurry (Tex. Com. App.) 41 S.W.(2d) 215, 217, 76 A. L. R. 760, Judge Ryan held: "The rule is now settled in this state that, where improper argument has been indulged in, the adverse complaining party is entitled to reversal of the judgment, as a matter of law, if under all the circumstances there is any reasonble doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted."

These remarks, not based upon any evidence in the case, and not shown to be in reply to any argument made by opposing counsel, are of a harmful and prejudicial nature. Accordingly, the judgment of the trial court will be reversed, and the cause remanded for a new trial.

Reversed and remanded.