CARTER PUBLICATIONS, INCORPORATED, V. OLLIE FLEMING.

No. 6924. Decided June 30, 1937.
(106 S. W., 2d Series, 672.)

*J. B. Randolph,* of Junction, *Samuels, Foster, Brown & McGee,* of Fort Worth, for plaintiff in error.

If the christian name or initials, or even the surname of the father of Homer Fleming, had been altogether omitted from the article, it would be obvious that the person described was the father of Homer Fleming, and not the brother (plaintiff herein) and that the description embraced the father and no one else, and this being true, there could be no libel, if libel there were, of any other person than the person identified in the article in question. Clark v. North American Co., 203 Pa. 346, 53 Atl. 237; Express Publishing Co. v. Herrera, 234 S. W. 554; Guisti v. Galveston Tribune, 105 Texas 497, 150 S. W. 874.

*Stevenson, Baker & Knetsch,* of Junction, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Ollie Fleming brought this suit for libel against Carter Publications, Inc., et al., complaining that he had been damaged in

his good name by publication in the Fort Worth Star-Telegram of an article falsely stating that he had been convicted of the crime of perjury. The parties will be referred to as in the trial court.

The case was submitted to the jury on special issues, and on the answers thereto judgment was rendered for plaintiff against the defendant, Carter Publications, Inc. The Court of Civil Appeals reversed the judgment and remanded the case. 79 S. W. (2d) 1105.

The article was published as a news item under a Fredericksburg date line headed, "Accident Pleaded in Wife Slaying." It states that the version of Homer Fleming, the accused, "given from the witness stand" was that his wife's death was accidental, resulting from a shot from a pistol over which he and his wife were scuffling. The article states that Fleming testified that an argument with his estranged wife over a hound, and a subsequent disagreement with his father about some land, preceded the shooting. Fleming is then quoted as saying:

"Fleming also testified that his father was a man of violent temper and had killed his own brother with a knife. Ollie Fleming, father of the accused, will not testify at this trial, having been convicted of perjury in a previous trial at Llano."

The article in full, including the heading, is set out in the opinion of the Court of Civil Appeals, reference to which is made.

Judgment was predicated upon a finding of the jury that the defendant, in the publication of· the article complained of, referred to and described the plaintiff.

We have concluded that the trial court, upon conclusion of the evidence, should have sustained defendant's motion for an instructed verdict in its favor.

Plaintiff testified in his own behalf that he is a brother of Homer Fleming; also that his father's full name is Oliver B. Fleming, and that his (Ollie's) full name is Oliver Bishop Fleming. This testimony is undisputed.

It was the "father of the accused," Homer Fleming, who, the article states, was "convicted of perjury." Any explanation of the published words to mean other than that the person convicted of perjury was the father of the accused, distorts, or at least enlarges, the natural meaning of the language complained of.

The article concerns only three · persons, Homer Fleming, the accused, his father, and his deceased wife. Both Homer and his father were present, the article indicating that when

Mrs. Fleming was killed, Homer was firing not at her, but over the father's head to scare him.

It was necessary for plaintiff in order to bring himself within the meaning of the published words, that is the innuendo of the petition, to show that he was the father of Homer Fleming, the accused. He wholly failed to do this, himself testifying that he was a brother of Homer.

It is held in Wick v. Express Publishing Company, 75 S. W. (2d) 478, that a complainant in a libel action can not distort nor enlarge the natural meaning of words used in the publication nor resort to new matter not a part thereof, to support innuendo. Such is not the office of innuendo and it can not be so employed in this case as to change the obvious meaning of the language so as to refer to any person other than the father of Homer Fleming as the person convicted of the crime of perjury. See Newell, Slander and Libel, pars. 751-753, and Plumber v. Commercial Tribune Publishing Company, 208 Ky. 210, 270 S. W. 793. In the case cited the court say:

"No principle is better settled than an innuendo can not entend the meaning of words beyond their natural import; it can only serve to explain some matter already expressed. Its office is to show the application, but it can not add to nor enlarge, nor change the sense of the words."

Since the evidence of plaintiff himself is that he is not Homer's father but his brother, there is no basis for a judgment predicated upon a finding of the jury that the language of the article describes the plaintiff.

The judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the case is set aside and judgment is here rendered in favor of the defendant, Carter Publications, Inc.

Opinion adopted by the Supreme Court June 30, 1937.