**Frank C. BELL, Appellant,**

**v.**

**COURIER–JOURNAL AND LOUISVILLE TIMES COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1966.

Rehearing Denied May 20, 1966.

William A. Carter, Bedford, for appellant.

George Williamson, LaGrange, Edgar A. Zingman, H. Wendell Cherry, Wyatt, Grafton & Sloss, Louisville, for appellee.

NOLAN CARTER, Special Commissioner.

This is an action brought by appellant, Frank C. Bell, against the Courier-Journal and Louisville Times Company seeking damages for alleged libelous and derogatory statements printed in its newspapers on August 23, 24, 25, and 26, 1961, at which time Bell was the duly elected and acting police judge of Bedford, Kentucky.

The articles complained of, except Number 4, dealt with the handling of the case of one Philip Scholtz, who was charged with exceeding the speed limit in Bedford.

The complaint alleges that the following excerpts from articles appearing in appellee's papers were "falsely and maliciously" published concerning appellant.

1.  "Scholtz said that * * * Bell took him aside and offered to change the charge to disorderly conduct, thus

avoiding points toward the loss of Scholtz' driver's license, if Scholtz would pay the fine then and forget about a trial."

2. "The police judge, who apparently greatly wanted to avoid a jury trial, offered to switch the charge from speeding to disorderly conduct, so the motorist would not have any points assessed against his driving permit."

3. "It is difficult to tell how much has been collected so far this year due to poorly kept records."

It alleges also that the appellee "maliciously" published the following:

4. "According to * * * records Bell is $58.09 delinquent, plus interest in his 1960 personal and property taxes."

After appellant's deposition was taken under cross-examination the case was submitted to the trial court on appellee's motion to dismiss the complaint, supported by appellant's deposition. The trial court treated the motion to dismiss as one for summary judgment pursuant to CR 12.02 and in a well-considered opinion granted a summary judgment in favor of appellee.

■ Upon appeal counsel for appellant argues that the complaint alleges facts on which relief can be granted, and that therefore appellee's motion to dismiss should have been overruled. Since the trial court treated the motion to dismiss as a motion for summary judgment, the question for its determination was not whether the complaint stated a claim upon which relief could be granted, but whether the record, including appellant's deposition, as submitted to the court disclosed a genuine issue as to any material fact. CR 56.03.

In his deposition appellant was closely interrogated concerning the truth of the allegedly libelous statements. With reference to the first statement, the deposition discloses that appellant did offer to change the charge against Scholtz from a traffic violation to disorderly conduct, "thereby avoiding points toward the loss of Scholtz' driver's license, and eliminating the necessity of a trial." Thus it is manifest that the statements contained in Number 1 are at least substantially true.

■ Coming now to Number 2, we agree with the trial judge that there is nothing in Number 2 which is libelous. The statement that "the police judge, who apparently greatly wanted to avoid a jury trial, offered to switch the charge from speeding to disorderly conduct so the motorist would not have any points assessed against his driving permit" in our opinion does not subject appellant to hatred, ridicule, contempt, or disgrace, or tend to induce an evil opinion of him in the minds of right-thinking people. In order for the statement to be actionable per se, that is actionable without averment of special damage, which was not made, the statement complained of must do one of those things. See Digest Pub. Co. v. Perry Pub. Co. Ky., 284 S.W.2d 832.

Moreover, we think that as in the first statement complained of, statement Number 2 is at least substantially correct.

In his deposition appellant made these answers to questions propounded:

"I said, 'Maybe we could arrange a different charge,' which is done every day in court, in any court particularly in the Louisville Courts if you keep up with it, charges amended."

Q. "And you say that this is normal practice?"

A. "It is in every court that I know anything about."

Q. "Was it normal practice in your court?"

A. "Yes, I think I had amended one or two charges before that under similar circumstances."

Q. "Then in essence you did forget about having a trial, it was over with?"

A. "That's the way he wanted it, sir."

Q. "And that was the way it was done?"

A. "Correct."

■ In this state, truth is a complete defense to an action for libel. See Brents v. Morgan, 221 Ky. 765, 299 S.W. 967, 55 A.L.R. 964. And this is so although the publication may have been inspired by malice or ill will and be libelous per se. Baskett v. Crossfield, 190 Ky. 751, 228 S.W. 673; Pennington v. Little, 266 Ky. 750, 99 S.W. 2d 776.

■ Where the defendant is a newspaper, the rule is that it is not to be held to the exact facts or to the most minute details of the transactions that it reports. What the law requires is that the publication be substantially true. State Journal Co. v. Redding, 175 Ky. 388, 194 S.W. 301; Plummer v. Commercial Tribune Pub. Co., 208 Ky. 210, 270 S.W. 793.

Measured by these rules, and in the light of the admissions made by the appellant in his deposition, we find that the trial judge correctly determined that the first two allegedly libelous statements relied on by appellant were not actionable.

■ As for the third allegedly libelous statement, we cannot improve upon the trial court's disposition of this count. The trial court said:

"The third item which the plaintiff claims to be libelous is the statement that he had poorly kept records. This statement has reference to the handling of fines collected by the plaintiff. Plaintiff has testified that at the time Mr. Scholtz came before him, his 'docket book was about three months behind.' The procedure in collecting fines is to first record them in a receipt book and then make comparable entries in the docket book. Since the docket book, according to plaintiff's own testimony, was three months behind at this time, the only way to determine from the records as to the number and amount of fines was to review the receipt books. This would entail going through three to five different receipt books, and these receipt books were kept in various drawers of plaintiff's desk at his newspaper office. * * * At some times these receipt books were in the possession of the Town Treasurer and on one occasion some of them had disappeared while at the Town Hall. Considering plaintiff's own testimony as to the condition of his records at the time Philip Scholtz was brought before him, it is the opinion of the Court that the adjective [sic] 'poorly' would fairly describe the state of his records at that time. It must be remembered that a public official is subject to reasonable and fair criticism of acts done in his official capacity. The policy behind this rule is clear and obvious. If a newspaper cannot attach the word 'poorly' to the record keeping of this plaintiff, established by his own testimony, then the policy behind this rule of law will be absolutely thwarted and responsible newspapers will be prevented from carrying out their duty to inform the public of the conduct and performance of its elected officials. Criticism of public officials, however severe, is not libelous if it be confined within the limits of fair and reasonable criticism. Vance v. Louisville Courier-Journal, 95 Ky. 41, 235 [23] S.W. 591."

Coming now to the fourth statement of which appellant complains, to the effect that according to the records Bell was $58.09 delinquent plus interest in his 1960 personal and property taxes, appellant admitted it was true; but he alleges that it was maliciously published and contends that

it is actionable as an unlawful invasion of his right of privacy.

 Counsel for appellant is correct in his statement that while truth is a complete defense to an action for libel, it is not a defense to an action for invasion of the right of privacy. 41 Am.Jur. "Privacy" § 13; Brents v. Morgan, supra.

In Brents v. Morgan, which is relied on by appellant, the owner of a garage caused a large placard to be displayed in the window of his garage stating that: "Dr. W. R. Morgan owes an account here of $49.67. And if promises would pay an account this account would have been settled long ago. This account will be advertised as long as it remains unpaid." The Court of Appeals held that this notice constituted an unlawful invasion of plaintiff's right of privacy and was actionable.

There are distinctions between the Morgan case and the case at bar. As stated by counsel for appellee in their brief, the Morgan case "dealt with the publication of a *private* debt owing by the plaintiff (a private individual), while in this case we are concerned with the right of the public to know whether or not its elected public officials pay the taxes they administer."

 One who holds public office subjects his life to the closest scrutiny for the purpose of determining whether the rights of the public are safe in his hands. 41 Am.Jur., "Privacy", § 18; Pavesich v. New England Life Ins. Co., 122 Ga. 190, 50 S.E. 68, 69 L.R.A. 101.

Matters which are so public as to be spread upon a public record (such as delinquent taxes) come within the knowledge and possession of the public and cease to be private; and it has been held that the republishing of such a record is not an actionable invasion of the right of privacy. Melvin v. Reed, 112 Cal.App. 285, 297 P. 91.

We therefore conclude that the publishing of the fact that appellant was delinquent in the payment of his personal and property taxes is not actionable as an invasion of his right of privacy. The result we have reached in this case is in keeping with the principles announced in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S. Ct. 710, 11 L.Ed.2d 686 (1964). We recommend that the judgment be affirmed.

The opinion is approved and the judgment affirmed.