**Fehr KREMER, Appellant,**

**v.**

**Marion R. KOPMEYER et al., Appellees.**

Court of Appeals of Kentucky.

March 31, 1967.

Rehearing Denied Sept. 29, 1967.

E. Gerry Barker, James W. Hendricks, Louisville, for appellant.

Robert L. Sloss, Allen P. Dodd, Jr., Brown & Eldred, Joseph J. Kaplan, Louisville, for appellees.

MILLIKEN, Judge.

The central issue presented on this appeal is whether the case should have been submitted to a jury.

The trial court granted judgment to the defendants in this libel action on their motion to dismiss on the ground that the complaint did not state a cause of action. Affidavits were filed by both sides to sustain their respective viewpoints, and the trial court entered judgment dismissing the complaint on the ground that the allegedly libelous publication was privileged as a fair report of the judicial proceedings set out in the exhibits and was not made for the purpose of causing harm to the appellant-plaintiff.

The appellant, Fehr Kremer, had asserted in his complaint that he "was and is the 'former management of the Fehr Brewery' * * * and was and is known to be by all of his associates, business acquaintances, friends and the general public," and that the following item which appeared in the October 20, 1960, issue of the Louisville Chamber of Commerce's magazine "Louisville" defamed him. The item was taken from a report to the stockholders of the Brewery made by the so-called "Kopmeyer Management Group" who succeeded Kremer to the management of the Company and who also are defendants in this action. The allegedly libelous article stated:

"The Internal Revenue Service proved to the satisfaction of the various courts that the former management of the Fehr Brewery had fraudently (sic) used large sums of the corporation's money for their own personal benefit and entertainment—including frequent expensive vacations in Florida and elsewhere for themselves and their entire families. This not only depleted the brewery's funds and led to eventual bankruptcy, but it created an additional tax liability of $156,000."

The "various courts" referred to in the article were the United States District

Court for the Western District of Kentucky, the United States Court of Appeals for the Sixth Circuit, and the United States Supreme Court and involved tax returns of the Frank Fehr Brewing Company for the years 1948 through 1952 when the appellant, Fehr Kremer, was the executive vice president of the Company, director of sales and advertising and, in most respects, its chief officer because of the advanced age of his uncle, the president of the Company at the time. During this period the Company prospered, its taxable income varying from $231,000 in round numbers in 1952 to a high of $1,181,000 in 1949. It was subsequent to this period of time that the Company's financial affairs depreciated sufficiently to cause it, while still solvent, to request in 1957 a Chapter 10 reorganization in the United States District Court, and in 1959 the Kopmeyer Management Group refinanced and took up management of the Brewery from the court appointed trustee. In its memorandum "In the Matter of Frank Fehr Brewing Company, in Proceedings for the Reorganization of a Corporation" the United States District Court said through Judge Shelbourne that the tax returns of the Company for that period were sufficiently fraught with fraud to justify tolling the three-year statute of limitations in order to permit the Internal Revenue Service to collect additional taxes for that period caused by Fehr Kremer and his uncle incurring expenses which were charged on the Company's books as Company expense as advertising, public relations, etc., when some of them were more properly chargeable as personal expense. Judge Shelbourne commented, "It is apparent from Mr. Kremer's testimony that, in his opinion, they were legitimate expenses for advertising, creating good will, and in furtherance of the interests of the Corporation. However, it cannot be denied that he at all times knew there had been no recorded authorization for the expenditure of any such amounts by him. * * *" and that Kremer knew all of this at the time the tax returns were made. The Court adjudged the Com-

pany tax returns were sufficiently fraudulent to toll the statute of limitations, but denied the Internal Revenue Service claim for the assessment of penalties. In Re Frank Fehr Brewing Co., 160 F.Supp. 631 (D.C.Ky.1958), affirmed Clarke v. United States, 274 F.2d 824 (Sixth Circuit 1960), cert. denied Kremer v. Clarke, 362 U.S. 963, 80 S.Ct. 880, 4 L.Ed.2d 878 (1960).

In his affidavit to counter the motion of the defendants to dismiss his complaint, the appellant, Fehr Kremer, points out that the United States District Court action concerned the Brewing Company, that he was not a party to it, and that there was no finding that the Company Management "of the Fehr Brewery had fraudulently used large sums of the Company's money for their own personal benefit," as the article in the magazine stated. He contends that the sole purpose of that litigation was to obtain tolling of the statute of limitations with respect to the years 1948 through 1952, and that most of the disallowances there involved pertained to inactive 80-year old Col. Frank Fehr's salary as president and not to sundry expenditures made by him which crossed the shadowy line between promotional expenditures for the Company and personal expenditures for himself. He states at the time the allegedly libelous article was published in "Louisville" his own tax case was pending before the United States Tax Court and that he was subsequently absolved of any fraud. He filed a copy of the Tax Court opinion as an exhibit to his affidavit. The Tax Court expressly absolved him of any fraudulent intent to evade taxes saying:

"* * * Petitioner (Kremer) was the major stockholder and chief executive officer of the Frank Fehr Brewing Company during the time here involved. There was evidence from which it can be concluded that a substantial sum of the amounts paid to or for the petitioner by the brewery should have been included in his income in each of the years in question. However, we are convinced that the

petitioner believed the expenditures by the brewery to or for him were legitimate Company expenditures for the purpose of furthering the interests of the Brewing Company by creating good will and by developing a body of satisfied customers who operated the clubs, bars and other places where much of petitioner's spending was done. It also appears that the amounts of Brewing Company funds paid to or for petitioner were not in any way concealed. On the contrary the Board of Directors knew of and approved the expenditures." Fehr Kremer, Fehr Kremer and Nan D. Kremer, T. C. Memo 1961–337, Cite as ¶ 61, 337 P–H Memo TC, 12–18–61.

It is Kremer's contention in his affidavit that at the time of the allegedly libelous publication in "Louisville" fraud on his part or on the part of the Company's Management had not been established in any court, that the disallowed expenditures and the consequent additional tax levy did not lead to the eventual bankruptcy of the Company, and that the published account was not a fair report of what actually occurred and, consequently, was not privileged. He requested retraction of the article and was denied one. KRS 411.060 declares in part:

"* * * The publication of a fair and impartial report or the whole or a synopsis of any indictment, warrant, affidavit, pleading or other document in any criminal or civil action in any court of competent jurisdiction shall be privileged, unless it is proved that it was published maliciously, or that the defendant after request by the plaintiff has failed to publish a reasonable explanation or contradiction thereof, giving the explanation or contradiction the same prominence and space as the original publication, or that the publisher has refused after request by the plaintiff to publish the subsequent determination of the proceeding. This section shall not authorize the publication of any indecent matter."

We believe that different conclusions can be drawn as to whether the questioned article impartially and fairly states the situation and Kremer's part in it, and for that reason we conclude that the case should have been submitted to a jury for its determination of that issue. 33 Am.Jur., Libel and Slander, Sec. 296. We likewise conclude that the issue of malice in publication of the article is a jury question, for "* * * the great weight of authority supports the view that the motive by which the defendant was actuated must be determined by the triers of fact whenever the evidence raises the issue." 33 Am.Jur., Libel and Slander, Sec. 297.

The judgment is reversed.

WILLIAMS, C. J., and HILL, PALMORE and OSBORNE, JJ., concur.

MONTGOMERY and STEINFELD, JJ., dissent.

STEINFELD, Judge.

I am of the opinion that the trial court was correct in dismissing the complaint. CR 12.02 authorizes consideration of matters outside the record to support a motion to dismiss.

Upon consideration of those outside matters, the charge that the statements were libelous, must fall. The opinion of two United States Courts support the statement that corporation funds had been used fraudulently for the personal benefit of the appellant and members of his family. The trips to Florida and the use of substantial funds were admitted. The additional tax liability was imposed. I consider the statements substantially true, therefore, there is no cause of action. State Journal Co. v. Redding, 175 Ky. 388, 194 S.W. 301; Plummer v. Commercial Tribune Publishing Co., 208 Ky. 210, 270 S.W. 793.

The statement that depletion of the brewery's funds in this manner led to even-

tual bankruptcy is a matter of opinion. "The propriety of the opinion, as fair comment thereon, is a matter of judgment." American Law Inst. Restatement, Torts, Volume 111, section 566. This expression of opinion is not libelous.

The majority opinion refers to an opinion of the United States Tax Court but this opinion was rendered December 18, 1961 more than a year after the article appeared, therefore, it is not relevant.

For the reasons indicated I dissent.

MONTGOMERY, J., joins in this dissent.