**Harry Paul HAYNES, Appellant,**

v.

**Mitch McCONNELL, both personally and in his capacity as County Judge, Appellee.**

Court of Appeals of Kentucky.

May 28, 1982.

Daniel T. Taylor III, Louisville, for appellant.

Robert C. Hobson, Richard H. C. Clay, Woodward, Hobson & Fulton, Louisville, for appellee.

Before COOPER, HOWARD and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a summary judgment for the appellee, Mitch McConnell, County Judge/Executive of Jefferson County, in a defamation action brought against him by the appellant, Harry Paul Haynes.

In 1980, the Jefferson County Criminal Justice Commission, apparently an agency of county government, received a grant from the Law Enforcement Assistance Administration for the establishment of a plea negotiation program within the Jefferson Circuit Court. As County Judge/Executive, the appellee was the certifying representative for the grant and accepted the grant as the authorized grantee official. The appellant applied for the position of coordinator of the program, agreeing by his employment application to an investigation of his background by the Jefferson Fiscal Court. Before the investigation was completed, the appellant was hired as coordinator by the circuit judges and this action ratified by the Fiscal Court. Shortly thereafter, the appellee wrote a letter to the Chief Judge of the Jefferson Circuit Court in which he noted that he had received information that there was a default judgment in district court against the appellant for $492.21 and a pending action against him in circuit court claiming $10,000.00 due on a note and mortgage, and that income tax liens totalling over $10,000.00 had been filed against the appellant in the county clerk's office. The letter concluded with the following paragraph:

You, of course, know better than I the extreme sensitivity of this position [i.e.,

program coordinator] as it relates to the subject of plea negotiation with criminal defendants. The aforestated facts present a real, or perceived, vulnerability to the individual occupying this position.

Copies of the letter were sent to each of the other fifteen judges of the Circuit Court together with a cover letter recommending that the appellant's "appointment be terminated[,]" but recognizing that "this appointment is the prerogative of the Circuit Court Judges."

■ The appellant then brought this action, alleging that the statements quoted above were defamatory because they were intended to convey and did convey to his employers and the community at large the impression that the appellant would be vulnerable to take a bribe or use funds, which were not his, to aid his poor financial condition. The appellee's motion for summary judgment was granted upon the trial court's ruling that in publishing his letter the appellee was acting within the scope of his official duties as county judge/executive and as such was clothed with an absolute privilege against an action for defamation. We must agree with the appellant that the trial court was in error in holding that Judge McConnell was clothed with an absolute privilege because of his office. Although the law with respect to federal officers of equivalent responsibility to the appellee may be otherwise, *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), it is well settled in Kentucky that the absolute privilege applies only to the heads of executive departments of state, not local, government. *See Lanier v. Higgins,* Ky.App., 623 S.W.2d 914 (1981), and cases cited therein.

The appellee argues, however, that even if his official position afforded him no absolute privilege the rule stated in the Restatement (Second) of Torts § 566 (1977) does afford him such a privilege because the final paragraph of his letter, which is alleged to be defamatory, constitutes an expression of opinion based on facts set out in the foregoing passages of the letter. That section of the Restatement states:

A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion.

We agree with the appellee's categorization of the last paragraph of the letter as an expression of opinion, and the letter plainly does set out the facts upon which that opinion is based. Nevertheless, the appellee has referred us to no controlling authority whereby the Restatement rule has been fully adopted in this jurisdiction. Our common law has long recognized that an expression of opinion can amount to defamation. *McGowan v. Manifee,* 7 T.B. Mon. (23 Ky.) 314 (1828). At the same time, it has long been held that "[a]nimadversion upon the conduct of a public officer, however severe, is not libelous, if it be confined within the limits of fair and reasonable criticism based on facts." *Vance v. Louisville Courier Journal Co.,* 95 Ky. 41, 23 S.W. 591, 592 (1893). This holding would seem to be in accord with the Restatement rule to the extent that the subject of the alleged defamation is a public officer.

■ We do not need to consider whether the appellant is a public officer because of the appellee's further argument that under the First Amendment to the United States Constitution his statement of opinion based on disclosed true facts is absolutely privileged; we believe that this argument alone is dispositive. In support of this argument, he cites *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). In that case the United States Supreme Court made the following statement:

Under the First Amendment there is no such thing as a false idea. However, pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. But there is

no constitutional value in false statements of fact.

*Id.* at 339–40, 94 S.Ct. at 3007, 41 L.Ed.2d at 805 (footnote omitted). This statement of constitutional principle does indeed appear to support the appellee's position. Comment *c* to § 566 of the Restatement (Second) of Torts (1976) interprets the statement similarly, at least where the expression of opinion is on a matter of public concern, as is the case here. *See also Orr v. Argus-Press Co.,* 586 F.2d 1108 (6th Cir. 1978). Although it is unnecessary to decide the question, the Fourth Subdivision of Section 1 of the Kentucky Constitution may well establish the same principle.

The appellant contends that the facts upon which the appellee based his opinion were false because, at the time the letter was written, the appellant had satisfied many of the claims referred to in the letter. The letter, however, made no statement of fact concerning nonpayment of any claim but limited its factual statements to the substance of documents which had been filed in the circuit and district courts and in the county clerk's office. Copies of these documents along with the appellee's affidavit were filed in this action to support his motion for summary judgment. The appellant does not contest the genuineness of these documents which conclusively establish the truth of the facts related in the letter.

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.